Turner, J.
 

 In the case of
 
 Shuster
 
 v.
 
 The North American Mortgage Loan Co. et al.,
 
 139 Ohio St., 315, 40 N. E. (2d), 130, we held:
 

 “A
 
 decree, finding the general equities in favor of a party and ordering an accounting, is a final order from which an appeal may be perfected, although a further provision is included to carry into effect the rights settled.”
 

 As this case has not been disposed of finally, the appeal is necessarily limited to two questions:
 

 1. Did the court below have jurisdiction? — a question which may be raised at any stage of the cause or proceeding as to subject matter and as to person when seasonably raised and not thereafter waived.
 

 2. Do the facts found by the Court of Appeals justify the order for an accounting? — a final order when the general equities have been found for one party against another party.
 

 Plaintiff’s third amended petition upon which this action was tried contains the following allegations:
 

 “That the defendant, Youngstown Hi-Speed Company, is a corporation organized under the laws of
 
 *258
 
 Ohio for the purpose of distributing petroleum and other products in the counties of Mahoning, Columbiana, and Trumbull, and is and was at all times herein referred to under the direction and exclusive control of the defendants, A. S. Hickok and Hickok Oil Corporation * * * and that a corporation would be organized by the defendants, A. S. Hickok and Hickok Oil Corporation at their expense under the laws of the state of Ohio, to be known as the Youngstown Hi-Speed Company, which corporation when organized was to continue the distribution of gasoline and other products in said three counties under the agreement and understanding theretofore made [by defendants] with this plaintiff and his partner, and that this plaintiff and C. M. Winn [the partner] were to continue to direct and manage said local distribution [in Mahoning, Columbiana and Trumbull counties] so long as the operation thereof showed a profit. * * *
 

 “Plaintiff'further says that the defendant, Youngstown Hi-Speed Company after organization did assume control and direction of the distribution of petroleum and other products in said three counties, and that he and his partner, C. M. Winn, relying upon the representations of the defendant, A. S. Hickok, and the officers and directors of Hickok Oil Corporation and Youngstown Hi-Speed Company that the agreement made with him and C. M. Winn as partners would be adopted, performed and carried out by Youngstown Hi-Speed Company * * * that a proper accounting between the parties hereto will show that said shares [of capital stock of Youngstown Hi-Speed Company claimed by plaintiff] have been paid for in .full from the net earnings of the business in said three counties.”
 

 The petition alleges in substance that Winn, the partner, was washed out of the picture and in effect that all of the shares were to be issued to plaintiff. No objection was raised on account of defect of parties
 
 *259
 
 due to the fact that Winn was not a party. A claim of' misjoinder was made by the Youngstown Hi-Speed Company on the ground that Hick ok and Hickok Oil Corporation were improperly joined as defendants with Youngstown Hi-Speed Company.
 

 It is further alleged: “That the defendants [which includes Hi-Speed] agreed to see that the money earned and received from the operation in said three-counties was properly used and spent. * * * that said-defendants [which includes Hi-Speed] have failed and refused to properly account for the moneys which have-come into their possession and which should have been paid or credited to the local operation and to this-plaintiff, and that a proper allocation of said funds will show that the notes heretofore signed by him have been paid in full, and that the stock of Youngstown Hi-Speed Company should have been delivered to him many months prior to the filing of this action. * * *
 

 “Said defendants acting jointly, have, by improper" bookkeeping methods and entries, charged the local operation with the amounts that were lost on the accounts which were in existence at the time this plaintiff assumed direction and control of the local system * * * and that this plaintiff has always and constantly been denied the right to inspect or examine the books and records of Youngstown Hi-Speed Company * * * and that a proper accounting will show that this plaintiff is entitled to receive from the defendants a large amount of money * * *.
 

 “Plaintiff further says that the unwarranted methods of bookkeeping promulgated and followed by the defendants have caused him to suffer irreparable injury and damage in the past, and that he will continue to suffer and sustain in the future such irreparable damage and injury, unless a proper accounting is ordered and required of the defendants by this court, and that he has no adequate remedy at law.
 

 
 *260
 
 “Wherefore, plaintiff prays that an accounting be ordered between the parties * *
 

 It is the contention of appellants that Hi-Speed was merely a nominal party in no way involved in the accounting prayed for in the first cause of action. In view of the foregoing allegations of plaintiff’s petition, we cannot agree with such contention and are of the opinion that under such allegations the Youngstown Hi-Speed Company was not only a proper but a' necessary party.
 

 After trial was had the facts fully justified the jurisdiction as is indicated by the journal entries of both the Court of Appeals and the Court of Common Pleas.
 

 The journal entry of the Court of Appeals contains the following:
 

 “ * * * this cause of action was rightfully brought in Mahoning county and that service of summons was properly had on both appellants and that this court has jurisdiction on appeal * *
 

 In the journal entry of the Court of Common Pleas is to be found the following:
 

 ‘ ‘ The evidence shows that the officers of the Youngstown Hi-Speed Company and the Hickok Oil Corporation conferred in Toledo on May 19, 1941, and as a result of such conference decided to and did send a force of men to Youngstown that night for the express purpose of taking charge of the property in Youngstown that was then being used in the operation of the business of the Youngstown Hi-Speed Company, so that the plaintiff could no longer control or operate the business in this county. This constituted a conspiracy to oust the plaintiff from his property and it was successfully carried out in this county. It follows that this court has jurisdiction * *
 
 *.”
 

 '
 
 Section 11282, General Code, provides:
 

 “When the action is rightly brought in any county,
 
 *261
 
 according to the provisions of the next preceding chapter, a summons may be' issued to any other county, against one or more of the defendants, at the plaintiff’s request; but no maker or acceptor, or, if the bill is not accepted, no drawer, of an instrument for the payment of money only, shall be held liable in an action thereon, except on a warrant of attorney, in any county other than the one in which he, or one of the joint makers, acceptors, or drawers, resides or is summoned. ’ ’
 

 Whether a derivative action would furnish the only form of remedy should not be determined until the court below has finally passed upon the entire case including the second cause of action which the court reserved for future disposition. A derivative action would be for the benefit of Youngstown Hi-Speed Company and plaintiff could profit only in the event that he established his ownership of the shares of capital stock of the Youngstown Hi-Speed Company.
 

 We are of the opinion that the allegations of the petition and the returns of the sheriff disclose that the Court of Common Pleas of Mahoning county acquired jurisdiction of the subject matter and parties.
 

 Coming now to the question whether a proper foundation was laid for an accounting, and waiving at this point any question as to the form of the action: Assuming that the first cause of action was of equitable cognizance, we are of the opinion that the recitals in the third amended petition and the evidence in support thereof are sufficient grounds for an accounting and that the following findings by the Court of Appeals of the general equities in favor of plaintiff [appellee here] justify the reference of the case for an accounting to a special master commissioner.
 

 These findings are as follows:
 

 “ * * * that the accounting be had upon the following
 
 *262
 
 •contract which this court finds as a fact to have existed between the parties to this action.
 

 “First: That Lewis and Winn as partners and thereafter as the only stockholders of the corporation were to be the exclusive distributors in Mahoning, Trumbull and Columbiana counties for gasoline and other products manufactured or sold by Hickok Oil Corporation of Toledo.
 

 “Second: As said distributors the local operation was to have a margin of l%c per gallon on gasoline and the prevailing rate of discount on oils, greases and other merchandise and supplies.
 

 “Third: The Hickok Oil Corporation was to maintain all stations and furnish all new equipment necessary for their proper and efficient operation. The local distributorship was to bear the expense necessary to deliver gasoline from the local bulk plant to the several station outlets.
 

 “Fourth: That no charge was to be made against the local operation for advertising unless the same was approved by Lewis or Winn.
 

 “Fifth: The Hickok Oil Corporation was, without charge, to do the actual bookkeeping in Toledo and promptly render the local operation a true and correct operating statement.
 

 “Sixth: That the local operation would be given
 
 1%
 
 discount for cash.
 

 “Seventh: That the local operation would be allowed iy2% for shrinkage of gasoline.
 

 “Eighth: That the plaintiff and his associates would own the local business just as soon as the profits from the operation thereof were sufficient to pay off such debts as would be justly and legally owing to the Hickok Oil Corporation of Toledo.
 

 “Ninth: That the Hickok Oil Corporation was to finance the local operation.
 

 “Tenth: That Lewis and Winn and later Youngs
 
 *263
 
 town Hi-Speed Company of which they were to be the only stockholders were to remain as such distributors in the local territory so long as they were able to operate the local business at a profit.”
 

 The Court of Appeals held also:
 

 “A final decision in this cause and the determination of costs will be made after this court has received the report and recommendations of the master at which time either of the parties may request the court to make findings of fact and conclusions of law to all of which each of the parties excepts.”
 

 As stated at the outset of this opinion, we limit our decision to two questions: (1) of jurisdiction and (2) the propriety of the accounting.
 

 We are of the opinion that both the Court of Common Pleas and the Court of Appeals had jurisdiction in this matter and that the granting of the prayer of the plaintiff below by the Court of Appeals for an accounting in a case appealed to the Court of Appeals on law and fact, and the reference to a special master commissioner to take testimony and other evidence in the accounting hearing, and to report the same with his conclusions and recommendations to the Court of Appeals, were correct.
 

 Therefore, the judgment and decree of the Court of Appeals on the question of jurisdiction and order of accounting should be and hereby is affirmed and the cause is remanded to the Court of Appeals.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.