City of Grandview Heights, Appellee, *v.* City of
Columbus et al., Appellants.

(No. 6556—Decided March 21, 1961.)

*Mr. Thomas W. Maxson* and *Mr. Paul A. Griffith,* for appellee.

*Mr. Russell Leach,* city attorney, and *Mr. H. Andrew Bain,* for appellant.

Bryant, J.   This is an appeal on questions of law and fact by the city of Columbus, Ohio, and others, defendants-appellants, herein called Columbus, from a judgment entry of the Court of Common Pleas of Franklin County in favor of the city of Grandview Heights, Ohio, plaintiff-appellee, herein called Grandview.

The sole question for determination at this time arises under a motion filed by Grandview "for an order dismissing defendant-appellant's [defendants-appellants'] appeal in the above entitled matter."   This motion was filed after both Columbus and Grandview had filed separate notices of election of evidence to be presented.

Grandview's motion to dismiss fails to set forth any legal ground or basis for the granting of the order sought.   In Grandview's memorandum in support of the motion, their objections appear to be:   (1) That the appeal of Columbus was filed "without full determination of all of the issues in the trial court"; (2) that the "issue of the cost of service to the plaintiff-appellee is still pending * * * and awaiting determination" in the trial court; (3) that a "portion of the lawsuit is still pending

in the (trial) court"; and (4) "that appellant * * * is attempting to split up the case and appeal that part of the judgment that is unfavorable to it."

We assume that Grandview's contention is that the judgment in this case from which the appeal was taken is not within the meaning of the phrase, "judgments or final orders," as used in Section 6, Article IV of the Constitution of Ohio; the phrase, "final order, judgment, or decree of a court" as used in Section 2505.03 of the Revised Code, or an "order affecting a substantial right in an action which in effect determines the action and prevents a judgment," as used in Section 2505.02 of the Revised Code.

In addition to the failure of the motion to specify the grounds on which based, we note that although opposing counsel was served with a copy of the motion and notwithstanding the provisions of Rule III, Paragraph 1 of the Rules of the Courts of Appeals that "opposite parties shall file answering briefs within ten (10) days thereafter," no brief or memorandum of any sort has been filed by opposite counsel.

Under the limitations already expressed, it would appear that Grandview's motion raises the question of the jurisdiction of this court even to consider the appeal. A brief review of the proceedings which have gone before is therefore necessary.

The action is one for declaratory judgment and the summons was endorsed, "action for temporary and permanent injunction, declaratory judgment, and other and further relief."

The petition in this case alleges that in 1922 Columbus entered into a contract, perpetual in duration, with Grandview, two other municipal corporations and Franklin County, whereby Columbus agreed to receive, transport and treat sewage from Grandview; and that the contract provided for a redetermination of the rates at periodic intervals and placed an upper limit upon the amount of the charge for this service not exceeding the cost to Columbus of providing such service plus twenty-five percent.

Reference is made to an engineering survey in 1956 and the schedule of rates fixed by it and there are allegations in the petition that the Columbus City Council "acted in an arbitrary and discrimatory [discriminatory] manner" in enacting cer-

tain ordinances in 1954, 1955 and 1957. The petition alleges that the 1957 Columbus ordinance authorized officials of Columbus to take enforcement action "including the disconnecting of main lines to which extensions are made" in order to "impose a base rate of $2.25 per 1,000 cubic feet against the inhabitant residents" of Grandview.

After describing in some detail the engineering survey of 1956, the petition alleges that Columbus "has attempted to impose a base rate of $2.25 for each 1,000 cubic feet of water consumed, which rate is unjust, inequitable and exorbitant," and which is far in excess of cost plus twenty-five percent.

Relief sought in the prayer of the petition includes the following: (1) That Columbus be temporarily enjoined from discontinuing sewage disposal service to Grandview and upon final hearing that the injunction be made permanent; (2) that Columbus be temporarily enjoined from blocking the sewers of Grandview or cutting off the flow of sewage from the residences of Grandview to the sewage disposal plant of Columbus and that upon final hearing this injunction be made permanent; (3) that Columbus be temporarily enjoined from charging Grandview residents, in the alternative, either (a) any amount in excess of that fixed in the 1922 contract, or (b) any rate in excess of actual cost of rendering the service as shown by the 1956 engineering survey, or (c) that the higher rates fixed in the Columbus ordinances of recent years be collected, but that the difference between such ordinance rates and the rates fixed in the 1956 engineering survey be impounded and upon final determination returned to Grandview residents; (4) that the court find that Columbus may not make a charge greater than that which is sufficient to provide a "just and equitable compensatory rate" because Columbus in furnishing such service is acting in a proprietary capacity; and (5) that the court find that any rate sought to be charged by Columbus which exceeds "the cost plus not to exceed 25%" of furnishing such service is "inequitable, and unjust" and that Columbus be enjoined from collecting such excessive rates.

Upon motion of Grandview, a temporary injunction was allowed by the court which, in substance, enjoined Columbus from discontinuing sewage service, from cutting off flow of

sewage and from charging more than $1.09 per thousand cubic feet, but allowing Columbus, if it so·elected, to "continue to collect the rates fixed by Ordinance No. 926-54, upon condition that so much of such collections as exceeds the rate of $1.09 per thousand cubic (feet) shall" be impounded and deposited in a special bank account "pending final determination of this cause."

The answer which was filed by Columbus, after admitting the contract of 1922, the various ordinances enacted since, and that Grandview and Upper Arlington did cause an engineering survey to be made in 1956, sets forth a general denial and two affirmative defenses. The first affirmative defense is that the contract of 1922 has been terminated and superseded and the second such defense is that there is at present no contract between Columbus and Grandview.

Subsequently, the trial court handed down a decision setting forth in detail the temporary restraining order and concluding, "It is therefore ordered that the temporary order be made permanent."

A motion to reconsider was filed and overruled and the decision above referred to was spread upon the journal by entry, which included the following determinations among others: (1) The contract of 1922 has not been terminated, is valid and binding, is subject only to change in "rates and charges as subsequently agreed upon," and that subsequent agreements were merely supplemental; (2) that Columbus voluntarily changed the method of collecting sewer charges from Grandview to the residents of Grandview; and (3) that Columbus has attempted to impose "rates and charges" upon Grandview residents in violation of the 1922 contract and has threatened to discontinue sewage service to Grandview with the result that Grandview is entitled to a permanent order "enjoining the defendant city of Columbus from imposing rates and charges in excess of the cost of service, plus 25%, or from discontinuing sewage service to the residents of plaintiff city of Grandview Heights or from in any way interfering with the flow of sewage from the city of Grandview Heights to the defendant city of Columbus sewage disposal plant."

In the language next set forth in the entry, the court then

ordered hearings to determine the cost of rendering such sewage service, the entry providing in part as follows: .

"It is therefore ordered that this cause be assigned for hearing at the earliest possible date, to determine the cost to Columbus of transportation and disposal of sanitary sewage from Grandview Heights and for such orders and judgment as may be found necessary or proper."

The question therefore arises whether the retention by the trial court of the question as to cost of rendering this service by Columbus and, incidentally, we presume, of determining the amount of refund, if any, which may be due to the Grandview residents, is such a splitting of the cause of action that the order just above referred to is not an appealable final order.

This question is not free from doubt but we believe that there is sufficient finality to the order appealed from to warrant the overruling of the motion. The existence or nonexistence of a contract between Columbus and Grandview and the terms thereof are the fundamental questions involved, while the determination of the factors entering into the cost of service and the interpretation thereof into a rate schedule for the various classes of users are merely incidental thereto.

In *Kelley* v. *Stanbery*, 13 Ohio, 408, at 421 *et seq.*, there is a discussion by Read, J., of the difference between final and interlocutory decrees. See, also, *Evans* v. *Dunn & Witt*, 26 Ohio St., 439, at 445, both cited in the opinion by Taft, J., in *Euclid* v. *Vogelin*, 152 Ohio St., 538, at 542 and 543.

In the *Kelley case, supra*, at p. 421 *et seq.*, the opinion says:

"A decree is final which disposes of the whole merits of the cause, and leaves nothing for further consideration of the court. A decree is interloctutory which finds the general equities, and the cause is retained for reference, feigned issue, or consideration, to ascertain some matter of fact or law, when, again, it comes under the consideration of the court for final disposition. When no further action of the court is required, it is final; when the cause is retained for further action, it is interlocutory. Further decrees and orders of the court sometimes become necessary to carry into effect the rights of parties fixed by final decree; and final decrees oftentimes direct an act to be done, as in case of specific performance, that on payment of the pur-

chase money as specified in the final decree, the vendor shall execute a deed; or, in case of redemption, that on payment of the money due, the mortgage be canceled, and even sometimes all the rights of the parties being found, and all the consequences to flow from a certain fact having been finally determined, a reference as to such fact may be had to a master, and still the decree be final. *The confusion has sprung up from failing to observe the distinction between facts and things to be ascertained preparatory to final decree, and facts and things to be ascertained in execution of final decree.* Because a final decree might direct that certain facts should be ascertained in execution of such decree, it will not make it interlocutory; nor, on the other hand, because a decree finds the general equities of the cause, and reference is had to a master to ascertain facts preparatory to final disposition, will it be regarded as final.'' (Emphasis added.)

Another early decision by the Ohio Supreme Court on this question was in *State, ex rel. K-W Ignition Co.*, v. *Meals*, 93 Ohio St., 391, in which the right to appeal from the Court of Common Pleas to the Court of Appeals was under attack upon the ground that the order appealed from was not a final order. In that case, the trial court made a general finding in favor of the plaintiff and ordered an accounting and the appointment of a referee to determine the amount due. The losing party filed its appeal before the accounting had been accomplished and the amount due determined. In the *per curiam* opinion of the Supreme Court in the *K-W Ignition Co. case, supra*, at p. 395, the court said:

''The only question for determination is whether the order of the Court of Common Pleas of the date September 18, 1913, was one from which an appeal could be taken to the Court of Appeals. If it was not, the Court of Appeals had no jurisdiction of the subject-matter and its judgment was a nullity. It is to be observed that in the order of the Court of Common Pleas the allegations of the petition are found to be true and that plaintiff is entitled to the relief prayed for; an injunction is granted, an accounting is ordered and a referee appointed to determine the amount due. *The general equities of the case were found in favor of the plaintiff, and while the further order*

*of the court was necessary to carry into effect the right settled by the order, it was merely auxiliary to or in execution of the order of the court made on the merits of the case, and we are of the opinion that the Court of Appeals had jurisdiction of the subject-matter on appeal."* (Emphasis added.)

This case was approved and followed in 1942 by the Supreme Court of Ohio in *Shuster* v. *North American Mortgage Loan Co.*, 139 Ohio St., 315, in which the first paragraph of the syllabus is as follows:

*"A decree, finding the general equities in favor of a party and ordering an accounting, is a final order from which an appeal may be perfected, although a further provision is included to carry into effect the rights settled. (State, ex rel. K-W Ignition Co., v. Meals et al., Judges, 93 Ohio St., 391, approved and followed.)"* (Emphasis added.)

At the beginning of the opinion in the *Shuster case, supra,* at p. 329, Turner, J., wrote as follows:

"The first question to be disposed of is whether we have before us a final order.

"We hold here, as we did in the case of *State, ex rel. K-W Ignition Co.,* v. *Meals et al., Judges,* 93 Ohio St., 391, 113 N. E., 258, that, where the general equities of the case have been found in favor of the plaintiff and an accounting has been decreed, while a further order of the court will be necessary to carry into effect the rights settled by the decree, such further order is merely auxiliary to or in execution of the decree of the court made on the merits of the case. Therefore, the decree of the Court of Appeals in this case is a final order."

The *Shuster case, supra,* was cited with approval in the case of *Lewis* v. *Hickok,* 149 Ohio St., 253.

In 2 Ohio Jurisprudence (2d), 692, Appellate Review, Section 98, there appears the following:

"The limitation on separate appeals and the rule preventing an appeal from an order determining a part of the issues does not prevent an appeal from a judgment upon one cause of action while leaving the case still pending in the trial court as to the other cause or causes of action, where the petition contains separate or distinct causes of action joined as permitted by statute."

In Skeel's Ohio Appellate Law, 85, Section 183, it is stated: "However, if an order is entered in a case where there are distinct and separate causes of action properly joined, and one of such causes of action must of necessity be disposed of finally before the remaining issues are tried, an appeal can be had on that part of the case which has been disposed of."

For the reasons above set forth, in our opinion, the order appealed from is a final order and it follows therefore that the motion to dismiss is not well taken and must be overruled.

Appellant will be given leave to present additional evidence including oral testimony as requested, and Armstrong & Okey, official court reporters, are named commissioners for taking such oral testimony, such evidence to be filed within sixty days after the date on which the journal entry of this decision is filed. The appellee's evidence shall be filed within thirty days thereafter.

*Judgment accordingly.*

DUFFEY, P. J., and DUFFY, J., concur.