## Miami University v. AFSCME
### [Cite as 2 AOA 517]

Case No. 89AP-1471
*Franklin County, (10th)*
*Decided March 1, 1990*

*R.C. 119.12*
*R.C. 2505.02*
*R.C. 4117.07*

*Thompson, Hine & Flory and Mr. William C. Moul, for Appellant-appellee.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Ms. Michele Morris, for Appellee-appellant State Employment Relations Board.*

*Benesch, Friedlander, Coplan & Arnoff and Mr. James F. Deleone, for Appellee-appellant Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO.*

STRAUSBAUGH, J.

This matter is before the court pursuant to an order of this court directing the parties to show cause why this appeal should not be dismissed for lack of a final appealable order. Appellee has also filed a motion to dismiss the appeal for the reason that the order of the common pleas court is not appealable under R.C. 119.12.

The facts giving rise to this appeal are not generally in dispute. Appellant, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), was certified in 1985 as the exclusive representative for a bargaining unit comprised of employees of appellee, Miami University ("Miami"). In August 1986, AFSCME and Miami entered into a collective bargaining agreement which expired in August 1989. A petition was filed in May 1989 with appellant, State Employment Relations Board ("SERB"), requesting that a decertification election be conducted pursuant to R.C. 4117.07. SERB, on May 16, 1989, dismissed the petition without prejudice.

Subsequently, Miami appealed the dismissal of the petition to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. While that appeal was pending before the common pleas court, Miami moved the court to enjoin AFSCME and SERB from proceeding upon an unfair labor practice charge filed by AFSCME against Miami. SERB and AFSCME filed motions to dismiss Miami's appeal. Following a hearing, the common pleas court issued an order on December 7, 1989, which granted relief to Miami as follows:

"A temporary injunction is hereby issued, restraining SERB from any further delay in proceeding promptly and properly with a decertification election, or such other election procedure as may be appropriate to determine (A) whether AFSCME presently represents the majority of Miami's employees so as to be entitled to be exclusive bargaining agent for these employees; and (B) depending upon the answer to (A), what organization, if any, is an appropriate exclusively [sic] bargaining agent for the petitioners, or whether a majority of the employees of Miami desire at this time to be represented by any exclusive bargaining agent.

"Pending resolution of these issues, AFSCME is temporarily enjoined from [sic] proceeding further with any unfair labor practice allegation against Miami, and SERB is similarly enjoined from conducting any fact finding hearings or other procedures which might have as their ultimate result an Order compelling contract negotiations between Miami and ASFCME.

"This matter is remanded to SERB for such proceedings. The temporary injunction shall remain in effect until the procedures required by this Order are conducted, the election is held, and the results are announced by an appropriate Order from SERB. Bond is dispensed with, and this cause is continued for further Order."

SERB's motion before the common pleas court seeking a stay of the December 7, 1989 order was denied and this appeal followed, along with a motion to stay the trial court's order. This court, on January 5, 1990, granted a stay of the trial court's order directing SERB to conduct a decertification election conditioned upon appellants' showing why the appeal should not be dismissed for lack of a final appealable order. Miami moved this court on January 16, 1990 to dismiss this appeal because the December 7, 1989 order was neither final nor appealable under either R.C. 119.12 or Ohio law.

Upon review of the parties' arguments submitted in response to the January 5, 1990 order of this court, Miami's motion to dismiss is denied and the stay order previously entered is continued during the pendency of this appeal.

This court is empowered only to review judgments or final orders as provided for by statute. Section 3(B)(2), Article IV, Ohio Constitution. Statutorily, an appellate court may review any order "*** that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, ***." R.C. 2505.02. Additionally, a state agency may seek review of judgments of common pleas courts in a court of appeals pursuant to R.C. 119.12 only "on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, ***." R.C. 119.12.

Initially, this court must determine whether the December 7, 1989 order is appealable pursuant to R.C. 2505.02. Under the first prong of that statute, the order must (1) affect a substantial right, (2) effectively determine the action, and (3) prevent a judgment. *Pewter Mug, Inc.* v. *M.U.G. Enterprises*, (1975), 46 Ohio App. 2d 93, 94. "*** For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. [Citations omitted.]" *Hamilton Cty.*

*Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 153.

In this cause, Miami sought reversal, by way of R.C. 119.12, of SERB's decision to dismiss the decertification petition. The December 7, 1989 order granted the relief sought. With respect to the issue of whether SERB properly dismissed the petition, no further relief can be provided by the common pleas court. It has effectively determined the R.C. 119.12 appeal in favor of Miami.

While it is true that the order styles the relief granted as "temporary," it quite clearly directs SERB to conduct the election. What further "permanent" relief the common pleas court could grant with respect to the *administrative appeal* taken by Miami from SERB's action is unclear.

Miami contends that the recent decision rendered in *Ohio Historical Society* v. *State Emp. Relations Bd.* (1990), 48 Ohio St. 3d 45, requires dismissal of this appeal. That case, however, concerned the appealability to the common pleas court of a SERB order finding the Ohio Historical Society to be a public employer. Such finding, while issued in a quasi-judicial proceeding, was not final, but merely preparatory to the holding of a representation election. *Id.* at 47.

Here, the appeal being challenged is from an order of the common pleas court pursuant to R.C. 119.12. Such order is not preparatory to any other proceeding under R.C. 119.12, but finally resolves the appeal of Miami. Moreover, *Ohio Historical Society* concerned the finality of an *agency* determination within the context of R.C. Chapter 4117, while the matter before this court is the finality of the common pleas court determination rendered pursuant to R.C. 119.12.

Furthermore, the December 7, 1989 order does not expressly contemplate any additional proceedings subsequent to the holding of the election. Rather, the order states only that the injunction is to remain in effect until the election is conducted and the results announced. As such, the order is similar, in principal, to those cases which find appealable those orders or judgments which fix the rights and obligations of the parties, but leave for future determination the manner of execution. See, *e.g., The Queen City Savings & Loan Co.* v. *Foley* (1960), 170 Ohio St. 383; *Lewis* v. *Hickok* (1948), 149 Ohio St. 253; *Shuster* v. *The North American Mortgage Loan Co.* (1942), 139 Ohio St. 315. See, also, *City of Grandview Heights* v.

*City of Columbus* (1961), 113 Ohio App. 306, reversed on other grounds (1962), 174 Ohio St. 473. Accordingly, the December 7, 1989 order is appealable pursuant to R.C. 2505.02.

This court also concludes that the appeal filed by SERB and AFSCME is proper under R.C. 119.12. Even assuming, without deciding, that AFSCME and SERB may *jointly* seek review of the December 7, 1989 order only to the extent SERB is authorized to seek such review under R.C. 119.12, a review of the order reveals that the trial court implicitly construed R.C. 4117.07.[1] Cf. *Blinn* v. *Ohio Bureau of Employment Services* (June 18, 1985), Franklin App. Nos. 85AP-342, 85AP-348 and 85AP-349, unreported (1985 Opinions 1732). The December 7, 1989 order concludes that the petition "substantially complied with Ohio Rev. Code §4117.07." "Substantial compliance" is a legal standard which necessarily requires an interpretation of either R.C. Chapter 4117 or Chapter 119.

Additionally, Miami maintained throughout the appeal before the common pleas court that the failure of SERB to conduct a hearing of the decertification petition pursuant to R.C. 4117.07 and Ohio Adm. Code 4117-5-05(A) was contrary to law since the decertification petition complied with both R.C. 4117.17(A) and the administrative regulation. Assuming for purposes of argument alone that the determination of whether a petition complies with applicable law is solely a question of fact, the determination of whether SERB was required to conduct a hearing clearly involves a construction of R.C. 4117.07. The December 7, 1989 order concludes that SERB's failure to conduct the hearing was contrary to *both* the evidence and the *law*. As such, the appeal sought by SERB from that order is proper pursuant to R.C. 119.12.

Based on the foregoing, Miami's motion to dismiss is denied. Having demonstrated good cause for this court to retain jurisdiction over this appeal, appellant's previous request for an order staying the December 7, 1989 judgment, insofar as it directs the holding of a decertification election, is granted. The parties are instructed to file their briefs in accordance with App. R. 18, the record having already been filed pursuant to App. R. 11(B).

*Motion to dismiss denied; motion for stay granted in part.*

REILLY, P.J., and YOUNG, J., concur.

---

[1] The common pleas court clearly considered and decided the appealability of SERB's dismissal of the petition, but the parties have not raised this issue in their briefs. While the docketing statement filed with the notice of appeal indicates that the jurisdictional question is the basis for this appeal, the parties have not pressed this question as a predicate for this court's jurisdiction. Thus, we do not consider that issue.