CITY OF WEST ALLIS, Appellant, v. WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.*

*No. 785 (1974). Argued March 2, 1976.—Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 416.)

---

* Motion for rehearing denied, without costs, on June 2, 1976.

For the appellant there were briefs and oral argument by *William T. Schmid,* city attorney.

For the respondent the cause was argued by *Charles D. Hoornstra,* assistant attorney general, with whom on the brief was *Bronson C. La Follette.*

ROBERT W. HANSEN, J. Was the direction of an election by the state employment relations commission subject to judicial or court review? If it was thus reviewable, other issues would remain to be considered on this appeal. If it was not so reviewable, the appeal ends with the finding that the trial court did not have jurisdiction of the subject matter. [1]

The right of judicial review is entirely statutory, and orders of the employment relations commission are not

[1] *Wisconsin Tel. Co. v. Wisconsin E. R. Board* (1948), 253 Wis. 584, 589, 34 N. W. 2d 844, this court stating: "When an attempt is made to appeal from a nonappealable order, the . . . court does not have jurisdiction for any purpose, except to dismiss the appeal."

reviewable unless made so by the statutes.[2] We deal here with an employment relations commission order directing that an election for collective bargaining purposes be held and determining who is to vote in such election. The statutory provisions for such bargaining unit determination and order for a collective bargaining election are as follows:

Section 111.70 (4) (d) 2. a., Stats., provides:

"2. a. The commission shall determine the appropriate bargaining unit for the purpose of collective bargaining. . . . In making such a determination, the commission may decide whether, in a particular case, the employes in the same or several departments, divisions, institutions, crafts, professions or other occupation groupings constitute a unit. . . ."

Section 111.70 (4) (d) 3., Stats., provides:

"3. Whenever, in a particular case, a question arises *concerning representation or appropriate unit,* calling for a vote, the commission shall *certify the results* in writing to the municipal employer and the labor organization involved and to any other interested parties. Any ballot used in a representation proceeding shall include the names of all persons having an interest in representing or the results. The ballot should be so designed as to permit a vote against representation by any candidate named on the ballot. The findings of the commission, *on which a certification is based,* shall be conclusive unless reviewed as provided by s. 111.07 (8)." (Emphasis supplied.)

Section 111.07 (8), Stats., provides:

"(8) The order of the commission shall also be subject to review in the manner provided in ch. 227, except that

[2] *Pasch v. Department of Revenue* (1973), 58 Wis. 2d 346, 352, 206 N. W. 2d 157, this court stating: "The right to appeal from an administrative agency's determination is statutory and does not exist except where expressly given and cannot be extended to cases not within the statute."

the place of review shall be the circuit court of the county in which the appellant or any party resides or transacts business."[3]

The commission order, as to which judicial review was here sought, was headed *"Direction of Election"* and directed that an election be held within sixty days as to whether the members in the named collective bargaining unit desired to be represented by the policemen's protective association. Viewed as only that, it is clear that such order directing that there be an election is not judicially reviewable. Our court has so held.[4] It is the commission's *certification* of election results that is reviewable under sec. 111.70 (4) (d) 3., Stats. As to such direction of an election, it is also clear that sec. 227.15,[5] does not provide an independent or alternative

---

[3] *See:* Sec. 227.15, Stats., which provides: *"Judicial Review; orders reviewable.* Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, . . . shall be subject to judicial review as provided in this chapter. . . ." *See also: Pasch v. Department of Revenue, supra,* footnote 2, at page 353, limiting judicial review of agency decisions to "final orders," holding: "[I]t was the legislative intent in sec. 227.15, Stats., to limit judicial review of administrative agency 'decisions' to final orders of that agency." (Citing *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. 2d 249, 253, 88 N. W. 2d 352, 89 N. W. 2d 825.)

[4] *United R. & W. D. S. E. of A. v. Wisconsin E. R. Board* (1944), 245 Wis. 636, 641, 15 N. W. 2d 844, holding a commission order for an election to determine employee's desires as to an "all-union agreement," not to be judicially reviewable, this court stating: "The board's order for the conduct of a referendum election, as likewise its conduct thereof, is merely fact-finding procedure; and in the conduct thereof to determine the wishes of employees respecting an all-union agreement, the board acts in merely a ministerial capacity."

[5] *See:* footnote 3.

basis for any right to judicial review of the order for an election in a collective bargaining unit.[6]

However, the commission order here determined who was to vote in the election ordered, and it is claimed that this determination of who is in the bargaining unit that is to vote is separate and severable from the direction of an election, and that it, by and of itself, is subject to court review. For several reasons, each sufficient, we reject the suggestion that we treat differently, as to reviewability, the portion of the order that directed an election be held and the portion of the order that set forth who was to vote in such commission-directed election.

Section 111.70 (4) (d) 3., Stats., provides that, whenever, in a particular case, "a question arises concerning representation or appropriate unit, calling for a vote, the commission shall certify the results" to the municipal employer, the labor organization involved and other interested parties. The same section provides that the findings of the commission "on which a certification is based" shall be conclusive unless reviewed as provided by sec. 111.07 (8), which we have set forth above. We see the statutory procedure for determination of the unit and direction of an election as integral and necessary parts of the commission order for an election.

---

[6] *United R. & W. D. S. E. of A. v. Wisconsin E. R. Board, supra,* footnote 4, at pages 640, 641, holding secs. 227.15, 227.16 and 227.01 (3) of the administrative procedure act not to be applicable, stating: "These provisions are not applicable to the order for a referendum, which is involved in this action, and there can be no court review thereof for the following reasons. There is nothing in ch. 111, Stats., that can be deemed to require a determination of legal rights, duties, or privileges of any specific party before a referendum may be ordered or held under sec. 111.06 (1) (c), Stats.; or that requires the board to issue a decision or order addressed to any specific party, before it orders a referendum."

Directing the election includes setting forth who is to vote in such election. The election is to be held, and the commission is to certify the results in writing to the employer, labor organization and interested parties. Then, and only then, under sec. 111.70 (4) (d) 3., may the commission findings, on which certification is based, be taken to court and reviewed.

The statutory provision for appeal and court review is only as to findings made following the certification of the results of the election ordered and held. Any claim of a legislative intent to authorize an earlier resort to and review by the courts encounters the rule laid down in the case of *Wisconsin Tel. Co. v. Wisconsin E. R. Board.*[7] There court review was sought of a board order appointing a conciliator under sec. 111.54, Stats. 1947. Our court held that any legislative intent that there be such early review was ". . . impliedly negatived by the fact that although in secs. 111.60 and 111.59, provision is duly made for judicial review on certain grounds of the order by an arbitrator appointed under sec. 111.55, Stats., there is no similar provision in respect to steps by the board preliminary thereto."[8] Where statutory authority for court review is limited to findings made by the commission, following certification of the results of an election, we see no basis for the claim of reviewability of the preliminary steps necessarily taken by the commission prior to the holding of the election. These include both ordering the election and directing who is to vote in such election. The rule of law involved is that, where the legislature "enumerates grounds of judicial jurisdiction it is considered to imply its intent to withhold jurisdiction in cases which are not enumerated."[9]

---

[7] *Supra,* at footnote 1.

[8] *Id.* at page 589.

[9] *Id.* at page 589, citing and quoting *State ex rel. Owen v. Reisen* (1916), 164 Wis. 123, 126, 159 N. W. 747, where this

Additionally, if the determination of the unit was held to be judicially reviewable while the directing of the election was not, the axe would be laid to the tree of legislative insistence that court review follow, not precede, the conducting of the election in the bargaining unit. The commission's directing of an election is not an order that all registered voters in a particular governmental subdivision proceed to the ballot box on a certain date. The order is inoperable unless it includes a specification of who is to be permitted to vote in the election ordered. Often enough this determination of who is in the unit or group that is to vote may not be in dispute, as it here is. But, whether disputed or not, the determination of the unit is *sine qua non* for the direction of an election by the commission. If these two aspects of a single order are held to be separable, the door is open to blocking the election ordered by engineering a dispute as to who is to vote in such election. Additionally, it is important to determine the representatives of employees before there can be collective bargaining between employer and such designated employee representative. It can be reasonably argued that the prompt holding of representation elections facilitates not only the beginning of collective bargaining, but the chances for securing agreement and increasing industrial peace. Court review of commission orders for determining the voting unit and directing the holding of an election would necessarily involve delay in the determination of the status of the bargaining agent.[10] The contrary

court held: " 'The particular specification of jurisdiction conferred in certain cases excludes the idea that the legislature intended to confer jurisdiction in other cases.' "

[10] *See: Wisconsin Tel. Co. v. Wisconsin E. R. Board, supra,* footnote 1, at page 591, this court stating: " 'Courts are averse to review interim steps in an administrative proceeding. . . . [R]eview of preliminary of procedural orders is generally not available, primarily on the ground that such a review would afford opportunity for constant delays in the course of administrative

argument could be that disputes as to who is in the appropriate voting unit and whether an election ought to be held at all should be threshed out in the courts before any actual voting takes place. But the choice between these two points of view is for the legislature, not the courts, to make, and it has been made—by the legislature.

As to reviewability of an employment relations commission order determining the unit and directing an election, that choice, as we see it, has been made by the legislature—against such preliminary reviewability. The legislature has provided only for court review of findings of the commission based on a certification of the results of the collective bargaining unit election. Thus courts in this state are not to interfere with prompt holding of representation elections by entertaining petitions for review of orders of the employment relations commission determining the unit or directing an election be held. Not until after the election has been held and its outcome certified is judicial review proper. In the case before us, when the city of West Allis filed its petition for judicial review of the order determining the unit and directing an election, it did so before the election was held and its outcome certified. Therefore, the trial court here was limited to ruling that it was ". . . bereft of all jurisdiction save to dismiss the petition."[11]

*By the Court.*—Judgment vacated and cause remanded with directions to dismiss the petition for review on the ground of lack of jurisdiction.

proceedings for the purpose of reviewing mere procedural requirements or interlocutory directions.' " (Quoting from 42 Am. Jur., *Public Administrative Law*, at pp. 577–579, sec. 196.)

[11] *Universal Org. of M. F., S. & A. P. v. WERC* (1969), 42 Wis. 2d 315, 322, 166 N. W. 2d 239.