333 So.2d 470 (1976)
PANAMA CITY, Florida, Petitioner,
v.
The FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION, and Northwest Florida Police Benevolent Association, Inc., Respondents.
No. BB-186.
District Court of Appeal of Florida, First District.
May 5, 1976.
Rehearing Denied June 29, 1976.
John-Edward Alley, Alley & Alley, Robert A. Hanudel, Tampa, Rowlett W. Bryant, Sale, Bryant, Daniel & Thompson, Panama City, for petitioner.
Curtis L. Mack, Jack L. McLean, Jr., Gerad A. Williams, and Ben R. Patterson, Tallahassee, for respondents.
MILLS, Judge.
The City filed a petition to review the Commission's orders defining a bargaining unit and directing an election. The Commission moved to quash or dismiss the petition, and the City moved to stay the election. By our order of 5 March 1976, we denied the motion to quash or dismiss, but granted the motion to stay.
Thereafter, we permitted the Association to join in this review as a respondent, and it moved to dissolve the stay. At the time we permitted the joinder of the Association as a respondent, we agreed to reconsider the Commission's motion to quash or dismiss the City's petition for review.
Having considered the record and briefs, and heard oral argument, we set aside our order of 5 March 1976, and grant the Commission's motion to quash or dismiss, and grant the Association's motion to dissolve the stay.
*471 The determination of an appropriate bargaining unit and direction of an election are not final orders. Therefore, under Section 120.68(1), Florida Statutes, the orders are reviewable only if this court finds that the review of the final agency decision would not provide an adequate remedy. We do not so find.
The filing of the petition does not itself stay enforcement of the agency action. A stay may be granted by the agency or by the court upon appropriate terms. Section 120.68(3), Florida Statutes. Therefore, pursuant to Rule 5.5, Florida Appellate Rules, the movant should apply to the agency for supersedeas. Ziers v. Purdy, 324 So.2d 132 (Fla.App.3d, 1975).
It is, therefore, ordered and adjudged that the petition for review is dismissed, and the stay of the election is dissolved.
McCORD, Acting C.J., and SMITH, J., concur.

ON PETITION FOR REHEARING
BY THE COURT:
Panama City urges we further consider the consequences of deciding that a PERC order defining a bargaining unit and calling an election is not final agency action for purposes of judicial review under § 120.68(1), F.S. 1975. If a majority of voting employees in the unit select a bargaining representative, the City apprehends, PERC's automatic certification of that employee organization will immediately require the City to bargain collectively without opportunity for judicial review of antecedent PERC orders. Secs. 447.307(3)(b), .309(1), F.S. 1975. The City's apprehensions are fed by PERC's argument that its interlocutory orders, including the unit definition, cannot be judicially reviewed unless and until the employer refuses to bargain collectively with the certified bargaining representative, thus subjecting itself to unfair labor practice sanctions. Sec. 447.501(c), F.S. 1975.
PERC's argument and the City's fears are unfounded. PERC's order certifying an employee organization as exclusive collective bargaining representative of employees in a designated unit is "final" for purposes of judicial review of that order and all prior interlocutory orders. Should PERC then refuse to stay bargaining pending our review, we have authority to grant that relief in order to make our jurisdiction effective. Art. V, § 4(b)(3), Fla. Const. It is appropriate that judicial review thus be withheld until the affected employees have had their opportunity to accept or reject, by election, the proffered representation.
Because the questions have not been presented and argued in this case, we postpone consideration of whether a unit definition by PERC will survive an election in which no bargaining representative is chosen and, if so, how judicial review of the original unit definition may be effective more than 12 months later, following another election and the certification of a successful employee organization. Sec. 447.307(3)(d), F.S. 1975.
The prayer of the petition for rehearing is denied.
McCORD, Acting C.J., and MILLS and SMITH, JJ., concur.