[No. 7052–1. Division One. October 22, 1979.]

RENTON EDUCATION ASSOCIATION, *Appellant,* v. WASHINGTON STATE PUBLIC EMPLOYMENT RELATIONS COMMISSION, ET AL, *Respondents.*

*Symone B. Scales,* for appellant.

*Slade Gorton, Attorney General, Richard A. Heath, Assistant, Francis, Lopez & LePley,* and *Peter D. Francis,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

This case involves a jurisdictional dispute between the Renton Education Association (REA) and the Washington Federation of Teachers, AFL–CIO (WFT). The dispute is over which organization should be certified by the Public Employment Relations Commission (PERC) as the exclusive bargaining representative for vocationally certified educational employees of the Renton Vocational Institute.

Pursuant to its authority under this state's educational employment relations act, PERC ordered that an election be held. Shortly thereafter, REA petitioned the Superior Court under the administrative procedures act seeking review of the election order. PERC's motion to dismiss the

petition was granted by the Superior Court and REA appeals.

One issue is dispositive.

### ISSUE

Is an order by PERC directing a representative election under the educational employment relations act, RCW 41.59, a final decision subject to judicial review under this state's administrative procedures act, RCW 34.04?

### DECISION

CONCLUSION. PERC's direction of election order was not a final decision subject to judicial review; therefore, the Superior Court did not err in dismissing REA's petition.

A provision of the educational employment relations act, RCW 41.59.160, states that decisions made by PERC under that act are subject to the right of judicial review as provided by the administrative procedures act, RCW 34.04.

■ The administrative procedures act in turn provides that the only administrative decision that is reviewable is a "final decision." RCW 34.04.130(1).[1] A "final decision" in this respect is one which imposes an obligation, denies a right or fixes some legal relationship as a consummation of the administrative process. *Department of Ecology v. Kirkland,* 84 Wn.2d 25, 29–30, 523 P.2d 1181 (1974).

The procedure for certifying exclusive bargaining representatives under the educational employment relations act, RCW 41.59, is detailed in the act itself and in the collective bargaining rules—educational employment, WAC 391–30,

---

[1] "Any person aggrieved by *a final decision* in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof only under the provisions of this 1967 amendatory act, and such person may not use any other procedure to obtain judicial review of a final decision, even though another procedure is provided elsewhere by a special statute or a statute of general application. Where the agency's rules provide a procedure for rehearing or reconsideration, and that procedure has been invoked, the agency decision shall not be final until the agency shall have acted thereon." (Italics ours.) RCW 34.04-.130(1).

adopted by PERC pursuant thereto. A summary of the prescribed procedures is set forth in the margin.[2]

 It is apparent from a review of the certification procedure that a direction of election order is no more than a preliminary step in the process, and, since it is an interlocutory administrative order, it is not a final decision subject to judicial review under the administrative procedures act. RCW 34.04.130(1); *Department of Ecology v. Kirkland, supra;* WAC 391–30–114; WAC 390–30–124(2).

The issue here presented is not *whether* the election order is reviewable but *when.* The policy of the administrative procedures act is against piecemeal appeals. Ordinarily, it is the certification of the exclusive bargaining representative following an election that is the final administrative

---

[2]RCW 41.59.070(1) provides that any employee organization may file a request with PERC for recognition as an exclusive bargaining representative by alleging that the majority of employees in an appropriate collective bargaining unit wish to be represented by such organization, by describing the unit and by giving supporting evidence that at least 30 percent of the employees in the appropriate unit desire the organization requesting recognition. That 30 percent showing of interest remains confidential to be determined satisfactory or not by the agency and may not be litigated in any hearing. WAC 391–30–113. The incumbent representative may intervene and have its name listed on the ballot in the election conducted by PERC. WAC 391–30–110.

If there is a reasonable basis to believe that a question of the representation of employees may exist, including appropriateness of the bargaining unit, a hearing is held. WAC 391–30–122. After determining whether a question of representation exists, PERC: (1) issues a direction of election; or (2) dismisses the petition; or (3) makes such other determination as is appropriate. WAC 391–30–124.

If a direction of election is ordered, PERC furnishes the employer with appropriate notices, WAC 391–30–126, and an election is conducted by secret ballot. WAC 391–30–128. Ballots may be challenged, WAC 391–30–130, and should an election be inconclusive, a procedure is provided to deal with that eventuality. WAC 391–30–134. Within 5 days after the ballots are tallied, any party may file objections to the election, including objections to the direction of election. WAC 391–30–136.

If no objections are filed, the election results are certified, and the certification of representatives is issued where appropriate. WAC 391–30–138. Where objections are filed, the procedure prescribed by WAC 391–30–140 is followed which, among other things, authorizes review of all prior rulings, including direction of election orders issued by PERC, and PERC then issues an order responding to the objections, WAC 391–30–142.

decision which is judicially reviewable under the administrative procedures act; and when that order comes up for review it brings with it for review all previous interlocutory orders such as the election order. *School Board v. Florida Pub. Employees Relations Comm'n,* 333 So. 2d 95 (Fla. Dist. Ct. App. 1976); *Klamath County v. Laborers Int'l Local 915,* 21 Ore. App. 281, 534 P.2d 1169 (1975); *West Allis v. Wisconsin Employment Relations Comm'n,* 72 Wis. 2d 268, 240 N.W.2d 416 (1976). *See Metropolitan Seattle v. Department of Labor & Indus.,* 88 Wn.2d 925, 568 P.2d 775 (1977) which involved an appeal from a certification of bargaining representatives by PERC's predecessor, the Department of Labor and Industries.

We do not consider the decisions arising under the National Labor Relations Act, 29 U.S.C. § 151 (1971) *et seq.,* cited by REA as determinative in connection with the issue before us, since that act specifically provides statutory bases for review apart from the provisions of the administrative procedures act. *See* 29 U.S.C. § 160 (1971). *Cf.* RCW 41.59.110(2).

Since we have decided that the election order was not a final decision subject to judicial review, we do not address the alternate ground for decision urged by PERC and WFT to the effect that REA's failure to serve a copy of the petition for review on WFT "within 30 days after the service of the final decision of the agency," as required by RCW 34.04.130(2) is fatal to REA's appeal.[3]

---

[3]RCW 34.04.130(2) was amended by the State Legislature in 1977 to read as follows:

Proceedings for review under this chapter shall be instituted by filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located. *The petition shall be served and filed within thirty days after the service of the final decision of the agency. Copies of the petition shall be served upon the agency and all parties of record.* If a timely petition is filed any party of record not filing or joining in the first petition who wants relief from the decision must join in the petition or serve and file a cross–petition within twenty days after service of the first

481

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied January 9, 1980.

Review denied by Supreme Court April 24, 1980.

petition or thirty days after service of the final decision of the agency, which-
ever period of time is longer. The court, in its discretion, may permit other
interested persons to intervene.
(Italics ours.) RCW 34.04.130(2), as amended by Laws of 1977, 1st Ex. Sess., ch.
52, § 1, p. 273. *See Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596
P.2d 296 (1979); *State ex rel. Day v. County Court*, 442 S.W.2d 178 (Mo. App.
1969); *Kravitz v. Director of Div. of Employment Security*, 326 Mass. 419, 95
N.E.2d 165 (1950).