ON MOTIONS TO DISMISS
FRANK D. UPCHURCH, Jr., Judge.
These cases arose from the same circumstances and for convenience will be discussed in a single opinion.
In Case 81-1247, the City appealed from an order of the Public Employees Relations Commission which denied in part its petition to designate certain employees as managerial or confidential employees under section 447.203, Florida Statutes (1979). PERC’s order also defined the applicable bargaining unit and ordered a representation election pursuant to a petition previously filed by the Orlando Professional Fire Fighters, Local 1365, IAFF. Case 81-1229 involves an appeal from an order of PERC finding that the City committed an unfair labor practice in terminating dues deductions for captains and assistant chiefs in response to Local 1365’s representation petition which sought to represent these employees.
After the notices of appeal had been filed, an election was held and the employees voted in favor of “no organization.” PERC subsequently verified the results and dismissed the representation petition, informing the parties that no future petition for an election in the unit could be filed until twelve months from October 29, 1981. See § 447.307(3)(d), Fla.Stat. (1979).
PERC then filed a motion to dismiss the appeal in Case 81-1247, contending that the appeal is interlocutory in nature and does not constitute “final agency action” under section 120.68(1), Florida Statutes (1979). The City, while essentially agreeing that this appeal should not continue, contends that the proper resolution is for this court to determine that the appeal is moot and to vacate PERC’s order and remand the matter to PERC with directions to dismiss the case.
As to Case 81-1247, we agree with PERC that an order designating certain employees as managerial or confidential employees is not “final agency action” for which an appeal will lie and grant the motion to dismiss.
Section 120.68(1), Florida Statutes,[1] allows for judicial review where a party “is adversely affected by final agency action.” This section further provides that intermediate agency action or rulings are immediately reviewable “if review of the final agency decision would not provide an adequate remedy.”
In Panama City v. PERC, 333 So.2d 470 (Fla. 1st DCA 1976) and School Board of Sarasota County v. PERC, 333 So.2d 95 (Fla. 2d DCA 1976), the courts held that PERC orders which determine the appropriateness of a bargaining unit and direct that an election be held are not final agency action subject to judicial review. Rather, these decisions indicate that the proper procedure to challenge such interlocutory orders is by appeal from a PERC order certifying the employee organization as the exclusive bargaining representative of the *408 employees within the unit, since such an order constitutes final agency action. Panama City at 471; School Board of Sarasota County at 96.[2]
The City points out that here it seeks to appeal only the portion of PERC’s order relating to the determination of managerial or confidential employees. However, for purposes of “finality,” such a determination is similar to that of designation of an appropriate bargaining unit. See Sarasota Classroom Teachers Ass’n v. School Board of Sarasota County, 5 FPER ¶ 10184 (1979). Therefore, since the order is non-final in nature, it may only be reviewed if this court determines that review of a final agency decision would not provide an adequate remedy. Panama City.
Here there is no such showing. First of all, appellant has suffered no injury as a result of PERC’s order since the unit employees defeated the representation bid. Whether a future organizing action is attempted or will be successful is uncertain. In the event a bargaining representative is ultimately chosen and certified, the City may appeal from the order of certification and obtain judicial review of all interlocutory orders entered pursuant thereto. Therefore, if PERC chooses to rely on the instant order in a future representation matter, review could still be had.[3]
To permit an appeal directly from an order determining confidential or managerial employees would run afoul of the policy considerations discussed in Amalgamated Transit Union v. PERC, 344 So.2d 319 (Fla. 1st DCA 1976):
The Florida Public Employees Relations Act contemplates that the necessary steps to certification of a bargaining representative, whether by voluntary recognition or by election, shall be accomplished in an orderly and efficient way. Strong policies militate against judicial interruption of the administrative process as it moves toward certification of a bargaining representative for the designated unit. Aside from considerations of administrative and judicial efficiency, we must take care that judicial intervention not become a detrimental factor in the certification process, as by delaying the election until the constituency of the proposed unit or its concept of self-interest has changed. Furthermore, there is ordinarily no need for judicial review of certain determinations preliminary to certification — e.g., the appropriateness of a proposed unit— until the employees themselves have had an opportunity to defeat certification because they oppose the proffered representatives or oppose the proffered unit, or both.
344 So.2d at 321.
The fact that no bargaining representative has been chosen by the employees further supports this policy since in such a case the employer has not been aggrieved by PERC’s action and any appellate decision would be at best advisory (since circumstances may change between organizing attempts) and at worst, meaningless (since no future organizing attempts may be made).
The City relies on Great Western Sugar Co. v. Nelson, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1975), for the proposition that this matter has been rendered moot by the results of the election and that this court should therefore vacate the order below and remand the matter to PERC with directions *409 to dismiss the cause. However, such a course of action presupposes that this court has jurisdiction over the instant appeal. Because the order is not final agency action, this court lacks jurisdiction to review it.
In Case 81-1229, the City has filed a suggestion of mootness and moved to vacate PERC’s order (which found that the City had committed an unfair labor practice), and has moved to dismiss the appeal.
An order finding an employer guilty of an unfair labor practice is final and hence properly appealable. See, e.g., Duval County School Board v. PERC, 346 So.2d 1087 (Fla. 1st DCA 1977). Here, PERC found that the City committed an unfair labor practice in terminating dues deductions for captains and assistant chiefs in response to Local 1365’s representation petition which sought to represent these employees and imposed certain sanctions. The City argues that since no representation petition is pending now due to the results of the election, the matter has become moot and this court should vacate the order below even if the prior conduct was in fact an unfair labor practice at the time.
At the time the City took the action it did, representation proceedings were pending. PERC found the City’s conduct constituted an unfair labor practice and ordered the City to take various steps to remedy the violation. The fact that the City may now be legally entitled to terminate such deductions does not render PERC’s prior order invalid.
Whether the finding of PERC that the City committed an unfair labor practice is correct is the very essence of the City’s appeal. If we accept the City’s argument and vacate the order, we are in effect agreeing that the order was invalid and the City would achieve the purpose of the appeal. If the City determines that the appeal is indeed moot and it stands to accomplish nothing by continuing to prosecute the appeal, it may file a voluntary dismissal under Florida Rule of Appellate Procedure 9.350(b). The motion to vacate and to dismiss in Case 81-1229 is DENIED.
ORFINGER and COWART, JJ., concur.

. Section 447.504, Florida Statutes (1979), provides that district courts of appeal are empowered to review final orders of PERC pursuant to § 120.68. (emphasis added)

. It should be noted that neither of these cases involved situations where an election was held and no bargaining representative was chosen. The Panama City court specifically reserved for another day the question:
[W]hether a unit definition by PERC will survive an election in which no bargaining representative is chosen and, if so, how judicial review of the original unit definition may be effective more than 12 months later, following another election and the certification of a successful employee organization.
333 So.2d at 471.

. Even if a separate managerial/confidential petition were not filed in the subsequent representation action, an appellate court could still determine the propriety of the bargaining unit on the basis that the unit contains managerial or confidential employees. See Leon County Police Benevolent Ass’n v. City of Tallahassee, PERC Order No. 81E-418 (Nov. 25, 1981).