OHIO HISTORICAL SOCIETY, APPELLANT, *v.*
STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES.

[Cite as Ohio Historical Society *v.* State Emp. Relations Bd.
(1990), 48 Ohio St. 3d 45.]

(No. 88-1523 — Submitted October 17, 1989 — Decided January 10, 1990.)

*Vorys, Sater, Seymour & Pease,*
*James P. Kennedy, James P. Friedt,*

*Milligan Law Offices* and *Fred J. Milligan, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Robert E. Ashton,* for appellee SERB.

*Ronald H. Janetzke,* for appellee AFSCME.

ALICE ROBIE RESNICK, J. The issue before this court is whether OHS can appeal the adjudication order issued by SERB, wherein it was determined that OHS is a "public employer" as defined in R.C. 4117.01(B). In other words, we must determine if the SERB order is a final appealable order issued pursuant to an adjudication made subject to judicial review under R.C. 119.12.

R.C. Chapter 119 codifies Ohio's Administrative Procedure Act and includes provisions for appeal of adjudication orders from administrative agencies. R.C. 119.12 provides that "[a]ny party adversely affected by any order of an agency issued pursuant to * * *[an]* * * adjudication may appeal to the court of common pleas of Franklin county * * *." An adjudication is "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person* * *." R.C. 119.01(D).

In *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864, syllabus, this court held that SERB is "an 'agency' [within the meaning of R.C. 119.12] whose adjudications are made subject to judicial review pursuant to R.C. 119.12 specifically by R.C. 4117.02 (M)." Thus, except where specific appeal procedures are provided, such as R.C. 4117.13(D) (unfair labor practices) and R.C. 4117.23 (penalty for unlawful strike), or where appeals to a court are prohibited, such as R.C. 4117.06(A) (determination of unit appropriate for collective bargaining purposes), the general provisions of R.C. 119.12 govern the appealability of an adjudication order issued by SERB. See *South Community, supra.*

As stated in *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 545 N.E. 2d 1260, not all adjudication orders issued by SERB are appealable.

"Before an appeal can successfully be brought to the Court of Common Pleas * * * under the provisions of R.C. Chapter 119, the proceedings of the administrative agency must have been quasi-judicial in nature. Section 4(B), Article IV of the Ohio Constitution; paragraph one of the syllabus in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13. In employing the term 'quasi-judicial,' this court held in paragraph two of the syllabus in *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, that:

"'Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.'" *State, ex rel. Bd. of Edn. of Bratenahl,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, 176, 7 O.O. 3d 357, 358, 373 N.E. 2d 1238, 1241. See, also, *Hamilton Cty. Bd. of Mental Retardation, supra.*

We find that the proceedings herein were quasi-judicial. The order appealed from was issued pursuant to a hearing which occurred from March 6 through March 11, 1985. The hearing was conducted by a hearing officer who stated in his proposed decision and recommended determination that both testimonial evidence and documentary evidence were taken. Ohio Adm. Code 4117-1-08(A) provides for notice of SERB hearings and states that "[w]henever a hearing is to be conducted, the board shall issue and

serve upon all parties a notice of hearing * * *." Ohio Adm. Code 4117-1-11(A) lists the powers of persons conducting hearings, which, in part, include the authority "[t]o receive relevant evidence and exclude irrelevant, immaterial, or unduly repetitious evidence; * * * [t]o cause depositions to be taken and to regulate the scope and course of prehearing discovery; [and] * * * [t]o subpoena witnesses and the production of books, papers, documents, or other evidence * * *."

However, our determination that the order was issued in a quasi-judicial proceeding does not end our inquiry. We must proceed to determine if the order was final.

As held in *Hamilton Cty. Bd. of Mental Retardation, supra,* at paragraph three of the syllabus, "[a]n order of the State Employment Relations Board must comply with R.C. 2505.02 to be appealable." R.C. 2505.02, at the time applicable herein, stated that a final order is one "affecting a substantial right in an action which in effect determines the action and prevents a judgment." All three criteria of R.C. 2505.02 must be met before an order can be final. See *Sellman* v. *Schaaf* (1969), 17 Ohio App. 2d 69, 75, 46 O.O. 2d 91, 94, 244 N.E. 2d 494, 499.

We cannot say that SERB's order which found that OHS is a public employer is a final order. The order does not determine the action, but instead establishes only a preliminary matter. In *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 18 OBR 263, 480 N.E. 2d 471, this court addressed whether a right-to-sue letter was a final appealable order. We stated that " '* * * [c]ourts have long considered the touchstone of finality to be the fixing of obligations or legal relationships. [Citations omitted.]

" 'No such finality exists with respect to the EEOC's determination of reasonable cause. Standing alone, it is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is *merely preparatory to further proceedings.* If and when the EEOC or the charging party files suit in the district court, the issue of discrimination will come to life and the plaintiff will have the opportunity to refute the charges.' " (Emphasis added.) *Id.* at 201, 18 OBR at 265, 480 N.E. 2d at 473.

The facts in the instant case are different from those in *South Community, supra,* where a representation election had been held and the union had been certified. There this court found that an order which excluded some employees from voting was final and appealable under R.C. 119.12. However, in *Hamilton Cty. Bd. of Mental Retardation, supra,* at 153, 545 N.E. 2d at 1267, we held that an order which both vacated a previously held election and directed that a rerun election be held was not final because it did not determine the action and prevent a judgment within the meaning of R.C. 2505.02. In the case at bar, an election must be conducted before we will know if the union is to be certified as the exclusive bargaining representative for the employees involved. Thus, the determination that OHS is a public employer is but a preliminary step in the complete process of a SERB-ordered election and possible certification.

We agree with the court of appeals in this case, where it said that "[t]o allow the Society's appeal at this point of the proceedings would allow jurisdictional and other pre-election matters, as well as post-election matters, to be determined in different appeals, when they are, in fact, different aspects of the same representation hearing."

Furthermore, a review of other jurisdictions indicates that preliminary orders concerning representation elections are not generally appealable. See, *e.g., Panama City* v. *Fla. Pub. Emp. Relations Comm.* (Fla. App. 1976), 333 So. 2d 470; *Renton Edn. Assn.* v. *Wash. State Pub. Emp. Relations Comm.* (1979), 24 Wash. App. 476, 603 P. 2d 1271; *Hermiston* v. *Emp. Relations Bd.* (1977), 280 Ore. 291, 570 P. 2d 663; *Orlando* v. *Orlando Professional Fire Fighters* (Fla. App. 1982), 412 So. 2d 406; *Div. of State Lands Emp. Assn.* v. *Div. of State Lands* (1985), 72 Ore. App. 559, 696 P. 2d 578.

In *Madden* v. *Brotherhood & Union of Transit Emp. of Baltimore* (C.A. 4, 1945), 147 F. 2d 439, the federal appellate court addressed the fact that under federal law, only unfair labor practice proceedings were reviewable. Although Ohio's collective bargaining law is different from federal labor law, we find that the language of the federal court is persuasive: "* * * The order in a representative proceeding directing an election is a mere interlocutory order in the administrative process leading up to the collective bargaining which is the object of the statute. It is a mere step in the preliminary administrative proceeding; and it is well settled that the Federal Courts will not interfere with an administrative agency at an intermediate point in its procedure and before all administrative proceedings are completed.* * *" *Id.* at 445.

The cause before us has been unresolved for over five years, due in large part to the appeal of SERB's February 12, 1986 order. As in all cases, "[t]he prompt and orderly disposal of litigation is an object much to be desired * * *." *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1, 5, 33 O.O. 179, 181, 68 N.E. 2d 312, 314.

OHS is not precluded, however, from raising the issue as to whether it is a public employer in the declaratory judgment action. The appellate court, as to that issue, reversed the trial court's dismissal of the declaratory judgment action and remanded the cause for further proceedings. Appellee did not appeal this decision.

For the foregoing reasons the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and HANDWORK, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting for H. BROWN, J.

HOLMES, J., concurring in part and dissenting in part. I concur in the judgment of the majority which affirms the judgment of the court of appeals that permits Ohio Historical Society ("OHS") to maintain a declaratory judgment action in the trial court in order to determine whether the State Employment Relations Board ("SERB") properly concluded it was a "public employer" for purposes of R.C. Chapter 4117. As the court of appeals noted, "[i]nasmuch as the trial court's decision to grant or deny declaratory relief is usually a discretionary one, this matter must be reversed and remanded to that court to allow it to reconsider its action and reevaluate the motions to dismiss in the Society's declaratory judgment action. * * *"

I must respectfully dissent from the majority's opinion holding that

SERB's determination that OHS is a public employer is not a final appealable order, but rather establishes only a preliminary matter.

I believe the narrow issue presented in this case is whether an adjudication that an employer is a public employer is appealable prior to a representation election. Obviously, such an adjudication not only determines whether SERB has the authority to order an election, but also whether the employer, in this case OHS, is subject to all the other provisions of the Public Employees' Collective Bargaining Act. Notwithstanding the outcome of the election, SERB has determined in this case that OHS is subject to the Act and to SERB's jurisdiction.[1]

I adhere to the position espoused by the New York Court of Appeals in *In the Matter of New York (Ins. Dept. Liquidation Bur.)* v. *Pub. Emp. Relations Bd.* (1986), 68 N.Y. 2d 695, 506 N.Y. Supp. 2d 305, 497 N.E. 2d 672, where an employer appealed a decision of the Public Employment Relations Board ("PERB"), holding that it was a "public employer" under the New York Civil Service Law. The board and union urged dismissal on the ground that no appeal was available until after an election and order certifying the union as the bargaining agent. The New York Court of Appeals reversed a decision in favor of PERB and explicitly adopted the dissenting opinion of the intermediate appellate court, which stated: "Here, PERB dealt only with whether the State Insurance Department Liquidation Bureau (Bureau) was

a 'public employer' as that term is defined in Civil Service Law * * * [Section] 201(6). No determination was made relative to defining the negotiating unit or verifying the employees' choice of organization to represent them. Moreover, an election will not moot the issue of whether the Bureau is a 'public employer.' * * * '[C]ommon sense and fairness require that petitioners be allowed to proceed with their Article 78 proceeding at this juncture, rather than incur the time and expense required in the certification process * * * which would not be required if the Bureau is subsequently deemed to be a nonpublic employer.' " *In the Matter of New York (Ins. Dept. Liquidation Bur.)* v. *Pub. Emp. Relations Bd.* (1985), 114 App. Div. 2d 734, 736, 494 N.Y. Supp. 2d 514, 516-517 (Yesawich, J., dissenting). Clearly, an election will not moot the issue of whether OHS is a "public employer." Rather, OHS will have to expend the time, energy, and funds for an election, which otherwise could prove to be a meaningless exercise. Furthermore, if no exclusive bargaining representative is selected in the representation election, OHS will be subject to repeated elections at least every twelve months, and will not be able to appeal SERB's determination that it is a "public employer" until an exclusive representative is elected. See R.C. 4117.07(B)(6).

The majority cites several cases for the proposition that preliminary orders concerning representation elections are not generally appealable. Of these cases I find *Panama City* v. *Fla.*

---

[1] The determination by SERB that OHS was a "public employer" made OHS arguably subject to, at least, the provisions of R.C. 4117.03 (rights of public employees); R.C. 4117.07 (petitions for representation elections); and R.C. 4117.11 (unfair labor practices), irrespective as to whether the results of the representation election were certified or an election was ever held.

*Pub. Emp. Relations Comm.* (Fla. App. 1976), 333 So. 2d 470; *Renton Edn. Assn.* v. *Wash. State Pub. Emp. Relations Comm.* (1979), 24 Wash. App. 476, 603 P. 2d 1271; *Orlando* v. *Orlando Professional Fire Fighters* (Fla. App. 1982), 412 So. 2d 406; and *Div. of State Lands Emp. Assn.* v. *Div of State Lands* (1985), 72 Ore. App. 559, 696 P. 2d 578, not to be on point. Specifically, the above-cited cases do not address whether the *employer* is subject to the state collective bargaining laws. Rather they discuss which particular organization should be certified by the respective board as the exclusive bargaining representative, or the designation and classification of certain employees.

Moreover, the majority improperly relies on *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 545 N.E. 2d 1260 *("MRDD"),* for support in this case. In *MRDD* we determined that an "order mandating a rerun certification election is an interlocutory order." *Id.* at paragraph four of the syllabus. Nowhere in *MRDD* did we discuss whether a determination by SERB

that an employer was a "public employer," within the meaning of R.C. 4117.01 *et seq.,* was a final appealable order. The present case is distinguishable from *MRDD* in that the key issue here is not whether SERB had the authority to order an election, but whether SERB had any jurisdiction in the first instance over the employer. See *Harrison* v. *Labor Relations Comm.* (1973), 363 Mass. 548, 551, 296 N.E. 2d 196, 198 (Supreme Judicial Court of Massachusetts held that postponement of judicial review was not necessary in cases where the state Labor Relations Commission acted outside its jurisdiction); *Leedom* v. *Kyne* (1958), 358 U.S. 184, 188 (Supreme Court of the United States held that certain decisions of the National Labor Relations Board, normally not reviewable, that were made in excess of its powers were reviewable by the federal district court).

Accordingly, I would hold that OHS is entitled to appeal from SERB's adjudication that OHS is a "public employer" and/or OHS may maintain a declaratory judgment action to determine whether it is subject to SERB's jurisdiction.

