4

FIVE-COUNTY JOINT JUVENILE DETENTION CENTER ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLEE AND CROSS-APPELLANT; OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, APPELLEE.

[Cite as Five-Cty. Joint Juvenile Detention Ctr. *v.* State Emp. Relations Bd. (1991), 57 Ohio St. 3d 4.]

(No. 89-1625—Submitted October 17, 1990—Decided January 9, 1991.)

*Squire, Sanders & Dempsey, David W. Alexander, Gregory B. Scott* and *Shelly L. Hansen,* for appellants and cross-appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Loren L. Braverman,* for appellee and cross-appellant State Employment Relations Board.

*Ronald H. Janetzke,* for appellee Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO.

An order of the State Employment Relations Board directing that a union representation election be held is not a final appealable order. *Ohio Historical Society* v. *State Emp. Relations Bd.* (1990), 48 Ohio St. 3d 45, 549 N.E. 2d 157. Accordingly, the judgment of the court of appeals is reversed on the jurisdictional issue and vacated on the merit issues; and the judgment of the court of common pleas is vacated in its entirety since that court lacked jurisdiction.

MOYER, C.J., WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur separately.

HOLMES, J., dissents.

SWEENEY, J., concurring. While the majority is absolutely correct in reversing the court of appeals on the jurisdictional issue based on *Ohio Historical Society* v. *State Emp. Rela-* *tions Bd.* (1990), 48 Ohio St. 3d 45, 549 N.E. 2d 157, I wish to make certain observations with respect to the decision to vacate the merit determination on public employee status. While I do not dispute the fact that the lack of jurisdiction apparently nullifies any subsequent decision made below regarding public employee status, it is disconcerting to observe numerous piecemeal appeals that do nothing more than undermine the prompt and orderly disposal of litigation. In my view, the arguments regarding the issue of public employee status were fully developed and considered below, and it is unfortunate that this court is placed in the position of exercising a modicum of judicial restraint by pointing out the trial court's lack of jurisdiction over the merits of this case. Given our reaffirmance of *Ohio Historical Society, supra,* however, it is my hope that future cases regarding the collective bargaining laws will be dealt with fairly and expeditiously, and not be inordinately delayed by piecemeal appeals.

DOUGLAS, J., concurs in the foregoing concurring opinion.

HOLMES, J., dissenting. I dissent based upon my commentary in *Ohio Historical Society* v. *State Emp. Relations Bd.* (1990), 48 Ohio St. 3d 45, 549 N.E. 2d 157.