**OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, Appellant,**

v.

**CITY OF BUCYRUS et al., Appellees.**

[Cite as *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO v. Bucyrus* (1992), 81 Ohio App.3d 739.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1412, 91AP–1413.

Decided July 9, 1992.

*Ronald H. Janetzke*, General Counsel, for appellant.

*Lee Fisher*, Attorney General, and *Joseph M. Oser*, Assistant Attorney General, for appellee SERB.

*Johnson, Balazs & Angelo* and *Michael J. Angelo,* for appellee city of Bucyrus.

*Anne Light–Hoke,* for appellee Ohio Civil Service Employees Association.

---

McCORMAC, Judge.

Appellant, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME"), appeals from the judgments of the Franklin County Court of Common Pleas dismissing appellant's consolidated actions on the basis that the common pleas court lacked jurisdiction over the matter.

AFSCME asserts the following assignments of error:

" * * * The Court of Common Pleas erred:

"1.  In sustaining the motion to dismiss filed by the city and SERB.

"2.  In dismissing the complaint for declaratory judgment and the administrative appeal on the basis the court lacked jurisdiction.

"3.  In failing to assert jurisdiction.

"4.  In failing to consider any of the constitutional arguments advanced by OC8.

"5.  In failing to overturn the SERB order on federal and Ohio constitutional grounds.

"6.  In failing to reverse the order of SERB either as an administrative agency appeal or to declare the order void pursuant to the declaratory judgment action.

"7.  In failing to find that SERB has abused its authority and discretion."

In 1985, appellee, State Employment Relations Board ("SERB"), certified AFSCME as the collective bargaining agent for various employees of appellee, city of Bucyrus.  Prior to SERB's certification, AFSCME and Bucyrus agreed to the composition of the bargaining unit by entering into a consent election agreement.  The agreement specifically excluded the position of auditor's clerk, did not exclude or include the position of income tax clerk, and did not address the position of engineering technician, since that position was created after the agreement was entered into.

In May 1989, AFSCME filed a petition for a self-determination election for the positions of engineering technician, clerk-auditor, and income tax clerk to be accreted by the existing bargaining unit.  The matter came before a hearing officer, who recommended that the engineering technician be accreted by the bargaining unit, that the income tax clerk have a self-determination or "opt-in" election, and that the clerk-auditor's position should continue to be

excluded from the bargaining unit. SERB adopted the hearing officer's conclusions and recommendations.

Thereafter, AFSCME filed both an administrative appeal and a declaratory judgment action in the common pleas court concerning SERB's directive to exclude the clerk-auditor's position from the bargaining unit. The cases were subsequently consolidated and Bucyrus and SERB filed motions to dismiss on the basis that the court lacked jurisdiction over the administrative appeal since it was from an order directing an election and was from a determination of the appropriate bargaining unit. The parties also contended that the court lacked jurisdiction over the declaratory judgment action, since it involved matters within SERB's exclusive jurisdiction. The common pleas court granted the motions to dismiss and entered judgment accordingly.

While AFSCME has enumerated seven assignments of error, it has failed to argue each separately but, rather, has advanced three primary issues. We will structure our opinion accordingly.

The first and primary issue presented by AFSCME is whether the trial court erred in dismissing AFSCME's declaratory judgment action on the grounds that the common pleas court lacked jurisdiction.

In a recent pronouncement on this subject, the Supreme Court held in *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus, that:

"The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117."

The question then becomes whether AFSCME's claims arise under or involve an interpretation of R.C. Chapter 4117. If so, SERB has exclusive jurisdiction over the matter.

In its declaratory judgment action, AFSCME requested the trial court to determine whether the clerk-auditor's position should be included in the bargaining unit existing between AFSCME and Bucyrus. This question falls squarely within SERB's jurisdiction under R.C. 4117.06. R.C. 4117.06 provides, in pertinent part:

"(A) The state employment relations board shall decide in each case the unit appropriate for the purposes of collective bargaining. The determination is final and conclusive and not appealable to the court."

Since the determination of the composition of an appropriate bargaining unit is expressly assigned to SERB, the agency has exclusive and final jurisdiction to decide the matter, precluding an independent declaratory judgment action in the court of common pleas seeking a contrary determination.

AFSCME next argues that the clerk-auditor's constitutional rights to due process and equal protection have been violated by SERB's decision to deny the clerk-auditor the ability to collectively bargain through AFSCME. In *Franklin Cty. Law Enforcement Assn., supra,* the Supreme Court did recognize an exception to SERB's exclusive jurisdiction if the action involved rights that exist outside the framework of R.C. Chapter 4117. In paragraph two of the syllabus of that case, the Supreme Court held:

"If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive."

Accordingly, if AFSCME's complaint presents a colorable constitutional claim, then the court of common pleas is vested with jurisdiction and dismissal was error. However, we are unpersuaded by AFSCME's constitutional arguments.

In order to reach the merits of AFSCME's constitutional claims, we will assume, without deciding, that AFSCME does have standing to challenge the constitutionality of the SERB decision despite our reservations to the contrary.

■ Under the First Amendment, public employees do have a right to associate themselves with unions, but they have no constitutional right to bargain collectively. *Franklin Cty. Law Enforcement Assn., supra,* at 172, 572 N.E.2d at 92, citing *Smith v. Arkansas State Highway Emp., Local 1315* (1979), 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360; *Hanover Twp. Fedn. of Teachers v. Hanover Community School Corp.* (C.A. 7, 1972), 457 F.2d 456. AFSCME, however, labels its case as involving rights of due process and equal protection, not the right to associate. Due process requires that, before a party can be deprived of a protected property interest by government action, a meaningful opportunity to be heard must be afforded. *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. At the outset, AFSCME voluntarily excluded the clerk-auditor's position from the bargaining unit. Subsequently, even though the clerk-auditor's duties have not substantially changed, a hearing, addressed to the merits of the clerk-auditor's status, was conducted. While AFSCME may be able to attack SERB's ruling by another mechanism, an issue we expressly do not decide, they may not do so by declaratory judgment. SERB has already declared the rights of the parties and a court is without jurisdiction to conduct a second identical inquiry. By affording a hearing prior to the determination of the

clerk-auditor's position status, SERB has complied with fundamental requirements of due process.

■ ASFCME next argues that the SERB orders denies the clerk-auditor equal protection under the law because the fundamental right to collective bargaining has been denied to a public employee. As previously stated, the employee may have a right to join a union but no such corollary right to collectively bargain has been established. *Franklin Cty. Law Enforcement Assn., supra.* AFSCME has not shown that the clerk-auditor is a member of a protected class. Therefore, a rational-basis standard of review applies. *Harris v. McRae* (1980), 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784; *Weethee v. Boso* (1989), 64 Ohio App.3d 532, 582 N.E.2d 19.

The basis advanced by SERB for its action stems from the conduct of AFSCME itself. It was AFSCME that originally requested that the clerk-auditor be excluded from the bargaining unit and subsequently engaged in successive negotiations on that assumption. AFSCME now asks that the government action be declared unreasonable in light of AFSCME's change of position. SERB's order is rational as it is related to a proper goal, which is public sector labor stability.

Lastly, AFSCME contends that the trial court erred by dismissing its administrative appeal.

■ R.C. 4117.06(A) specifically precludes the appeal to a court of a decision by SERB on the composition of a bargaining unit. *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 227, 527 N.E.2d 864, 866. Furthermore, a SERB direction to conduct an election is not a final appealable order. *Five–Cty. Joint Juvenile Detention Ctr. v. State Emp. Relations Bd.* (1991), 57 Ohio St.3d 4, 565 N.E.2d 546. The refusal of SERB to include the clerk-auditor's position in the bargaining unit for the election is not appealable, as previously discussed.

For the reasons previously discussed, all assignments of error are overruled. The common pleas court correctly dismissed both the declaratory judgment action and the administrative appeal. The judgments of the trial court are affirmed.

*Judgments affirmed.*

TYACK, J., concurs.

WHITESIDE, J., concurs in part and dissents in part.

WHITESIDE, Judge, concurring in part and dissenting in part.

In case No. 91AP–1412, appellant, Ohio Council 8 of AFSCME, seeks a declaratory judgment based upon constitutional issues, which is a proper action for declaratory judgment under R.C. Chapter 2721 and *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87. The trial court erroneously dismissed this action as not being cognizable in declaratory judgment. The majority affirms by, in effect, making the declaration sought by appellant and finding that no constitutional rights of appellant have been affected. Such a declaration of rights should be initially made by the trial court, even if it be correct. The judgment should be reversed and the cause remanded for a proper declaratory judgment.

In case No. 91AP–1413, I concur in the majority opinion and judgment of affirmance, since the SERB order involved is not appealable under *Five–Cty. Joint Juvenile Detention Ctr. v. State Emp. Relations Bd.* (1991), 57 Ohio St.3d 4, 565 N.E.2d 546.