**FRANKLIN COUNTY LAW ENFORCEMENT ASSOCIATION, Appellee,**

v.

**FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, Appellant; FRANKLIN COUNTY SHERIFF, Appellee; STATE EMPLOYMENT RELATIONS BOARD, Intervenor–Appellee.**

[Cite as *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1992), 80 Ohio App.3d 273.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–950.

Decided Nov. 24, 1992.

*Dennis P. Thomas,* for appellee Franklin County Law Enforcement Association.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert W. Sauter,* for appellant Fraternal Order of Police, Capital City Lodge No. 9.

*Michael Miller,* Prosecuting Attorney, and *Carl J. Corletzi,* Assistant Prosecuting Attorney, for appellee Franklin County Sheriff.

*Lee I. Fisher,* Attorney General, and *Toki Clark,* Assistant Attorney General, for appellee State Employment Relations Board.

---

WHITESIDE, Judge.

This is an appeal by the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") from a judgment of the Franklin County Court of Common Pleas dismissing the FOP's appeal from an order of the State Employment Relations Board ("SERB") ordering a representation election upon application of appellee Franklin County Law Enforcement Association ("FCLEA"). The FOP raises three assignments of error in support of its appeal, as follows:

1. "The court erred in dismissing this matter because SERB's order directing an election is a final appealable order made in a special proceeding."

2. "The court erred in failing to reverse the SERB order directing an election because the petition for a representation election was not timely filed by the rival organization."

3. "The court erred in dismissing this matter when it failed to find that SERB was required to hold a hearing on the question of representation."

The first assignment of error is dispositive of this appeal. The common pleas court dismissed the FOP's appeal from the SERB's order upon the basis that a SERB order directing a representation election is not a final appealable order, relying upon *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260; *Ohio Historical Soc. v. State Emp. Relations Bd.* (1990), 48 Ohio St.3d 45, 549 N.E.2d 157; and *Five–Cty. Joint Juvenile Detention Ctr. v. State Emp. Relations Bd.* (1991), 57 Ohio St.3d 4, 565 N.E.2d 546. Paragraph four of the syllabus of *Hamilton Cty. Bd. of Retardation* states succinctly that: "A State Employment Relations Board order mandating a rerun certification election is an interlocutory order." In *Five County,* it is stated succinctly that "[a]n order of the State Employment Relations Board directing that a union representation election be held is not a final appealable order." In that case, a decision of this court to the contrary was reversed.

The FOP contends that this court should decline to apply the rulings of the Supreme Court in those cases upon the basis that those cases did not consider the issue raised by the FOP herein, namely, whether the order that a "recertification" election be held constitutes an order affecting a substantial right made in a special proceeding and, thus, within the definition of a final order under R.C. 2505.02, citing the decision of this court in *Staples v. Ohio*

*Civ. Serv. Emp. Assn./Am. Fedn. of State, Cty. & Mun. Emp., Local 11, AFL–CIO* (1986), 32 Ohio App.3d 9, 513 N.E.2d 821, the Supreme Court having dismissed an appeal as moot in 31 Ohio St.3d 602, 31 OBR 490, 510 N.E.2d 805.

■ As stated in paragraph one of the syllabus of *Thacker v. Bd. of Trustees of Ohio State Univ.* (1971), 31 Ohio App.2d 17, 60 O.O.2d 65, 285 N.E.2d 380, "[a] Court of Appeals is bound by and must follow decisions of the Ohio Supreme Court." This court has no discretion to adopt a rule of law modifying a previous rule of law established by the Ohio Supreme Court, even though this court may determine that the modified rule is a better rule of law than that pronounced by the Ohio Supreme Court earlier. In other words, just as this court is not allowed to substitute its judgment for that of the trial court with respect to factual findings, this court is not permitted to substitute its judgment for that of the Ohio Supreme Court with respect to rules of law which have been announced by the Ohio Supreme Court in prior decisions. Such determinations of the Ohio Supreme Court are more than just persuasive precedent, they are binding authority.

■ Here, the Ohio Supreme Court has unequivocally established the rule that orders of SERB ordering a certification election are interlocutory orders from which no appeal may be taken since they do not constitute final appealable orders within the contemplation of R.C. 2505.02.

Although the FOP contends the Supreme Court did not consider whether the orders affect a substantial right, the Supreme Court was very much cognizant of *Staples, supra,* since it expressly referred to our decision in *Staples* in *Ohio Historical Society, supra,* our judgment which was reversed therein having specifically relied upon *Staples* as its predicate. Similarly, in *Five County, supra,* the Supreme Court reversed a judgment of this court which had followed *Staples,* each of those decisions having been determined prior to the Supreme Court's decision in *Hamilton Cty. Bd. of Retardation, supra.*

In other words, regardless of whether this court would otherwise find that the order appealed from herein is an order affecting a substantial right made in a special proceedings, as FOP contends, we are not free to do so since we are bound by the decisions of the Supreme Court that an order of SERB, such as is sought to be appealed from in this case, does not constitute a final appealable order for purposes of appeal. We are not free to ignore the Supreme Court's determination and substitute our judgment as to what the law should be. Rather, we are bound by those Supreme Court determinations and have no choice but to find the order appealed from herein does not constitute a final appealable order. Accordingly, the first assignment of error is not well taken.

Having found that the order appealed from was not a final appealable order, and, thus, the common pleas court had no jurisdiction over the attempted appeal by appellant FOP, the issues raised by the second and third assignments of error cannot appropriately be addressed by this court at this time. It would be inappropriate for this court to render a decision as to the merit issues involved in an appeal which the common pleas court dismissed for want of a final appealable order. In addition, under App.R. 12(A), as amended, this court is not required to address assignments of error which are rendered moot by a ruling upon another assignment of error. Accordingly, for those reasons, the second and third assignments of error are not well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and DESHLER, J., concur.