OPINION
{¶ 1} In these consolidated appeals, appellants Ohio State Employment Relations Board ("SERB") and Canfield Professional Firefighters Association ("CPFA"), collectively referred to as "appellants," appeal from a decision of the Franklin County Court of Common Pleas denying CPFA's motion to dismiss and reversing and remanding the order of SERB titled, Certification Pursuant to Request for Recognition ("order").
 {¶ 2} In 1998, appellee Ohio Council 8, AFSCME ("AFSCME") was certified by SERB as the exclusive collective bargaining representative of firefighters employed by appellee Cardinal Joint Fire District ("Cardinal"). The only firefighters employed at that time were employed on a part-time basis. In 2002, Cardinal began employing full-time firefighters. However, AFSCME did not request that SERB amend the bargaining unit nor did it make any other changes reflecting that Cardinal was employing full-time firefighters.
 {¶ 3} In January 2004, CPFA requested from SERB recognition as the exclusive representative for Cardinal's full-time firefighters. In response, Cardinal filed an objection to CPFA's request, and both AFSCME and Cardinal filed motions to dismiss CPFA's request. In August 2004, SERB issued an order that denied the motions to dismiss and certified CPFA as the exclusive bargaining representative for a unit of Cardinal's full-time firefighters. Cardinal filed a notice of appeal to the Franklin County Court of Common Pleas, as did AFSCME. The cases were consolidated in the trial court and on February 16, 2005, the trial court issued an order that reversed SERB's certification and remanded the matter to SERB directing SERB to conduct an evidentiary hearing. Both SERB and CPFA timely appealed. The appeals were consolidated by this court's order dated March 21, 2005.
 {¶ 4} On appeal, SERB raises the following assignment of error:
THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANTS STATE EMPLOYMENT RELATIONS BOARD AND CANFIELD PROFESSIONAL FIRE FIGHTERS ASSOCIATION WHEN IT REVERSED SERB'S AUGUST 5, 2004 "CERTIFICATION PURSUANT TO REQUEST FOR RECOGNITION," WHICH HAD CERTIFIED THE CANFIELD PROFESSIONAL FIRE FIREFIGHTERS ASSOCIATION AS THE EXCLUSIVE REPRESENTATIVE OF SIX FULL-TIME STRIKE-PROHIBITED FIRE FIGHTERS OF APPELLEE CARDINAL JOINT FIRE DISTRICT.
 {¶ 5} On appeal, CPFA raises the following three assignments of error:
ASSIGNMENT OF ERROR NO. 1:
THE COURT OF COMMON PLEAS ERRED IN RULING THAT FULL-TIME FIREFIGHTERS COULD BE INCLUDED WITHIN THE SAME UNIT AS PART-TIME FIREFIGHTERS.
ASSIGNMENT OF ERROR NO. 2:
THE COURT OF COMMON PLEAS ERRED IN NOT UPHOLDING SERB'S ORDER SINCE THE ORIGINAL CERTIFICATION DID NOT INCLUDE THE FULL-TIME FIREFIGHTERS REPRESENTED BY CPFA.
ASSIGNMENT OF ERROR NO. 3:
THE COURT OF COMMON PLEAS ERRED IN NOT DISMISSING THE APPEALS FILED BY THE DISTRICT AND AFSCME TO THAT COURT SINCE THE SERB ORDER WAS NONAPPEALABLE PURSUANT TO R.C. 4117.06(A).
 {¶ 6} Because CPFA's third assignment of error is dispositive we will address it first.
 {¶ 7} In their third assignment of error, CPFA argues that SERB's order that certified CPFA is not appealable pursuant to R.C. 4117.06(A). According to R.C. 4117.02(P), unless otherwise provided, SERB is subject to Chapter 119 of the Ohio Revised Code. However, R.C. 4117.06(A), provides that SERB "shall decide in each case the unit appropriate for the purposes of collective bargaining," and said determination is "final and conclusive and not appealable to the court." Thus, the issue before us is whether or not SERB's order is the determination of unit appropriateness.
 {¶ 8} SERB's order states, in part:
The showing of interest is sufficient, and the Employer has complied with the posting requirements. The Employer and Ohio Council 8, AFSCME, AFL-CIO and Local 765 (Ohio Council 8) filed objections maintaining the request is untimely pursuant to Ohio Revised Code § 4117.07(B)(6) and that the employees in question are currently represented by Ohio Council 8. The Employee Organization filed a response stating the Employer employed only part-time firefighters at the time of certification; therefore, the certification cannot be read to include those full-time employees it seeks to represent.
Ohio Revised Code § 4117.01(P) describes a "member of a fire department" as a person who is in the employ of a fire department of a municipal corporation as a full-time regular firefighter. Ohio Revised Code § 4117.06(D)(3) states that in determining the appropriate unit, the Board shall not include members of a fire department with other classifications of public employees of the department. The parties do not dispute the bargaining unit consisted only of part-time employees at the time of certification. As a result, the parties do not have any question concerning representation regarding the employees in question.
Since the full-time firefighters are not currently represented, the instant request is not untimely.
(Ex. E to AFSCME's April 29, 2005 Brief, pg. 1-2.)
 {¶ 9} Appellees argue that this order is appealable to the trial court pursuant to Chapter 119 of the Revised Code because R.C. 4117.06(A) applies only to "unit appropriateness" and not to the definitional issue present in this case. Additionally, appellees argue that SERB should never have reached a determination of whether the unit sought by CPFA was appropriate because the full-time firefighters in question were already currently represented by AFSCME. In support of their position, appellees rely on South Community, Inc. v. State Emp. Relations Bd. (1988),38 Ohio St.3d 224. However, appellants also rely on South Community for their position that SERB's order is not appealable pursuant to R.C.4117.06(A).
 {¶ 10} In South Community, the Supreme Court of Ohio addressed the exception to the appealability of a SERB order found in R.C. 4117.06(A). In South Community, the Ohio Association of Public School Employees ("OAPSE") filed a petition for election with SERB. The employer objected and argued that its employees were not public employees as defined by R.C. 4117.01(C). SERB allowed the election. However, because of some inappropriate literature that was distributed prior to the election, SERB set aside the election results and ordered a new election. For the second election, SERB ordered that only those employees hired before a specified date were permitted to vote. After the election, SERB certified OAPSE. The employer appealed to the trial court pursuant to Chapter 119 of the Revised Code. The trial court held that pursuant to R.C. 4117.06(A), SERB's determination was final and non-appealable. The Supreme Court of Ohio, in affirming the appellate court's reversal of the trial court, found that the issue of whether the employees were public employees that were subject to the Act and whether certain employees should have been excluded from voting in the second election were issues beyond the realm of the appropriateness of a bargaining unit found in R.C. 4117.06(A). Thus, R.C. 4117.06(A) was inapplicable in South Community and SERB's order was appealable pursuant to Chapter 119.
 {¶ 11} Appellees argue that because SERB's order in the case sub judice turns on the definition of "members of a fire department" found in R.C. 4117.01(P), this case is analogous to South Community, which turned in part on the definition of "public employee," and, therefore, SERB's order is appealable to the trial court pursuant to Chapter 119. We disagree. We find that the order issued by SERB deals directly with unit appropriateness, and falls within the dictates of R.C. 4117.06(A).
 {¶ 12} The threshold issue in this case is whether or not full-time firefighters were included in the 1998 certification, and thus, whether or not a certified bargaining unit currently represented them. This issue is dependent on SERB's interpretation of the 1998 certification, a determination that is clearly within SERB's exclusive jurisdiction and is encompassed by R.C. 4117.06(A). SERB's determination of this issue is not necessarily dependent on the definition of "members of a fire department," as defined by R.C. 4117.01(P).
 {¶ 13} In South Community, SERB's underlying definitional issue related to whether or not the employees were in fact "public employees" and subject at all to the Collective Bargaining Act. Here, the issue is whether CPFA is a unit appropriate for full-time firefighters employed at Cardinal, which is dependent on the determination of whether or not full-time firefighters were included in the original 1998 certification. At the time SERB certified AFSCME, only part-time firefighters were employed by Cardinal, thus SERB determined, albeit in a somewhat conclusory fashion, that full-time firefighters were not currently represented by a certified bargaining unit — a decision that is clearly within SERB's exclusive jurisdiction. Regardless of SERB's inclusion of the definition of "members of a fire department" found in R.C. 4117.01(P), the determination regarding the appropriate unit for full-time firefighters, who SERB determined were not currently represented, is a determination within SERB's exclusive and final jurisdiction. The reality is that the reference to R.C. 4117.01(P) in this instance is not relevant to the inquiry of the appealability of SERB's order because the appropriateness of the bargaining unit for full-time firefighters is the threshold issue in this case. See South Community, supra; Ohio Council8, Am. Fedn. of State, Cty. Mun. Emp., AFL-CIO v. Bucyrus (1992),81 Ohio App.3d 739.
 {¶ 14} We find that because SERB's order involves the appropriateness of a bargaining unit for full-time firefighters, R.C. 4117.06(A) is applicable, and to hold otherwise would allow appellees to accomplish indirectly what the Collective Bargaining Act directly prohibits. Accordingly, we sustain CPFA's third assignment of error.
 {¶ 15} Because we have sustained CPFA's third assignment of error, the remaining assignments of error are rendered moot.
 {¶ 16} For the foregoing reasons, we sustain CPFA's third assignment of error, and overrule as moot the remaining assignments of error. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J and Klatt, J., concur.