PER CURIAM OPINION
{¶ 1} This action in prohibition is presently before this court for determination of the final merits of the matter, based upon the parties' submitted stipulations of fact and their respective briefs. After reviewing the foregoing materials, this court concludes that relators, the City of Ravenna, Ohio, and Mayor Paul H. Jones, have failed to establish that respondent, the City of Ravenna Civil Service Commission, was preparing to review certain issues which were beyond the scope of its general authority. Accordingly, they are not entitled to the issuance of a writ which would stop respondent from proceeding in an underlying civil service appeal.
 {¶ 2} The following statement of the basic facts of this action has been derived from the parties' submitted stipulations. As of July 2004, David McIntyre was employed by the City of Ravenna Police Department as a part-time patrol officer. Sometime prior to that date, the City of Ravenna had negotiated a collective bargaining agreement with the Ohio Patrolman's Benevolent Association. This agreement governed the terms and conditions of the employment of all full-time patrol officers who worked for the city police department at that time. Since McIntyre only worked part-time, the agreement did not apply to him.
 {¶ 3} In early August 2004, the City of Ravenna mailed McIntyre a notice stating that Mayor Jones had decided that it would be necessary to lay him off from his position with the police department. Almost immediately, McIntyre filed an appeal of the Mayor's determination with respondent. Under the fourth count of his notice of appeal, McIntyre requested respondent to reclassify him as a full-time patrol officer so that the terms of the collective bargaining agreement would then be applicable to him.
 {¶ 4} Before respondent could act upon the McIntyre appeal, Mayor Jones and the City of Ravenna, relators, moved respondent to dismiss McIntyre's fourth count on the basis that it did not have the authority to grant the requested relief. Instead of issuing a ruling upon this motion, respondent scheduled the appeal for a full hearing, which would have included the taking of evidence on the matter.
 {¶ 5} Before the scheduled hearing could proceed, relators brought the instant action in prohibition against respondent. As the legal grounds for their petition, relators alleged that the issue raised under the fourth count of the McIntyre appeal fell within the exclusive jurisdiction of the State Employment Relations Board ("SERB"). Based upon this, relators requested the issuance of a writ to prohibit respondent from exercising any jurisdiction over McIntyre's request for reclassification as a full-time patrol officer.
 {¶ 6} As part of their prohibition petition, relators also challenged respondent's inherent authority to consider three separate civil service appeals which had been filed by three full-time employees of the City of Ravenna Fire Department. After respondent had submitted its answer to the petition, the three firefighters moved to intervene in this action on the grounds that they had an interest in ensuring that respondent ultimately be allowed to review their appeals. Even though this court granted the motion to intervene, relators subsequently filed a notice of the voluntary dismissal of their prohibition claim as it applied to the three firefighters. Therefore, the instant case has gone forward only in regard to the McIntyre appeal.
 {¶ 7} Once the parties' respective pleadings had been submitted in this matter, they were able to reach an agreement as to certain stipulations of fact. Upon reviewing these stipulations, this court concluded that they were sufficient to enable us to render a final decision on the merits of the prohibition claim; accordingly, the parties were given the opportunity under Loc.R. 101(C) to file final briefs in light of the stipulations. As part of their brief, relators have presented a specific argument about whether a civil service commission has the basic authority to consider the issue raised under the fourth count of David McIntyre's appeal. In its brief, respondent has not addressed the jurisdictional question; instead, respondent has only asked that it be allowed to rule upon the motion to dismiss the fourth count before this court renders any type of determination.
 {¶ 8} As was indicated above, the fourth count of the McIntyre appeal requested that respondent change his civil service classification from part-time patrol officer to full-time patrol officer for the city police department. In now asserting that respondent does not have the inherent jurisdiction to grant such relief, relators contend that, by seeking to be reclassified, McIntyre was essentially asking respondent to rule that he was entitled to be included in the group of police department employees who are covered under the collective bargaining agreement between the City of Ravenna and the Ohio Patrolmen's Benevolent Association. Relators maintain that a civil service commission cannot make this type of ruling because any question as to the composition of a "bargaining unit" for purposes of collective bargaining lies within the exclusive jurisdiction of an agency for the state of Ohio.
 {¶ 9} In support of the foregoing argument, relators refer to certain provisions of R.C. Chapter 4117. The provisions in question govern the collective bargaining process between certain public employees and various public employers throughout the state of Ohio, including municipal corporations like the City of Ravenna. In addition to providing for the creation of the State Employment Relations Board ("SERB"), R.C. Chapter 4117 also delineates the basic jurisdiction of that state agency. Included in that jurisdiction is the authority to determine which public employees should be grouped together as a "unit" for the collective bargaining process. R.C. 4117.06(A) states:
 {¶ 10} "The state employment relations board shall decide in each case the unit appropriate for the purposes of collective bargaining. The determination is final and conclusive and not appealable to the court."
 {¶ 11} In considering the basic scope of SERB's exclusive jurisdiction under this statute, the courts of this state have focused upon the nature of the specific question raised in a particular case. For example, in Cardinal Joint Fire Dist. v.State Emp. Relations Bd. 10th Dist. Nos. 05AP-264 05AP-265,2005-Ohio-4355, SERB initially certified a union as the sole bargaining representative for the district's firefighters who, at that time, were all part-time employees only. Sometime later, after the district had begun to employ full-time firefighters, a separate firefighter association requested SERB to recognize it as the representative for the full-time firefighters. After the original union had moved SERB to dismiss the request, SERB rendered its decision certifying the association as the sole representative for the full-time firefighters. The original union then attempted to appeal the decision under R.C. Chapter 119, but the Tenth Appellate District subsequently held that the appeal was impermissible under R.C. 4117.06(A). In support of its holding, the appellate court stated that the decision fell within SERB's exclusive jurisdiction because the outcome of SERB's analysis turned upon whether it had intended for the initial certification to include any full-time firefighters.
 {¶ 12} In the instant action, if the fourth count of the McIntyre appeal had asked respondent to decide whether McIntyre's duties were sufficient to qualify him as a full-time firefighter for purposes of the applicable collective bargaining agreement, this court would readily agree that such an issue would be similar to the question in Cardinal Joint Fire Dist. That is, the resolution of that particular issue would turn upon whether SERB had intended for McIntyre's present position to be included in the bargaining unit which was previously recognized by SERB. Since any determination concerning the scope of the original certification decision would fall within SERB's exclusive jurisdiction under R.C. 4117.06(A), respondent would not have any authority to review that specific issue.
 {¶ 13} However, the parties' stipulations of fact in this instance are quite explicit. The stipulations provide that McIntyre's fourth count requested that he be "reclassified" from a part-time patrol officer to a full-time officer for the city's police department. Thus, McIntyre was not asking respondent to rule that his present position should be included as a job designation which is covered by the same collective bargaining agreement that is applicable to full-time patrol officers. Instead, he was requesting respondent to alter his basic job designation. To this extent, McIntyre was not asserting a question which would fall within SERB's exclusive jurisdiction under R.C. 4117.06(A) to determine the parameters of a bargaining unit.
 {¶ 14} Furthermore, our review of other relevant statutory provisions supports the conclusion that a municipal civil service commission has the general authority to review the issue of whether the position of a public employee should be altered or reclassified. First, we note that R.C. 124.40(A) states that a municipal civil service commission has the same basic powers in regard to a city's civil service that the State Personnel Board of Review has in relation to the state's civil service. Second, R.C. 124.03(A) indicates that the Board of Review has the power to hear appeals from decisions of an appointing authority regarding the "* * * assignment or reassignment to a new or different position classification, or refusal * * * to reassign an employee to another classification or to reclassify the employee's decision * * *." In light of these two provisions, it has been held that the denial of an employee's request for reclassification of her position is appealable to a municipal civil service commission. See Myers v. Clinebell (May 14, 1999), 6th Dist. No. S-98-048, 1999 Ohio App. LEXIS 2132.
 {¶ 15} As an aside, this court would note that it is possible that respondent might not have the jurisdiction to hear the "reclassification" issue in this particular instance. That is, if McIntyre failed to raise the issue before relators prior to submitting his administrative appeal, it is entirely feasible under administrative procedure that the issue has not been properly preserved for review before respondent. However, the parties' stipulations of fact simply do not address this exact point. In the absence of a specific stipulation, this court cannot conclude that, even though respondent generally has jurisdiction to hear appeals raising the question of reclassification, the failure to preserve the issue deprives it of jurisdiction over the issue in this particular case. See, generally, State ex rel. The Leatherworks Partnership v.Stuard, 11th Dist. No. 2002-T0-017, 2002-Ohio-6477, at ¶ 17-19.
 {¶ 16} Before a writ of prohibition will lie, it must be established that the proposed use of judicial power is not authorized under the law. Willoughby-Eastlake City School Dist.v. Lake Cty. Court of Common Pleas (Apr. 21, 2000), 11th Dist. No. 99-L-130, 2000 Ohio App. LEXIS 1758, at *6. Pursuant to the foregoing analysis, this court holds that relators have failed to satisfy this element for the writ. Specifically, the stipulations of fact before us support the conclusion that respondent does have the jurisdiction to hear the entire appeal of David McIntyre because his fourth claim raises the issue of whether his position with the city police department should be reclassified from part-time patrol officer to full-time patrol officer.
 {¶ 17} Accordingly, it is the order of this court that judgment is hereby rendered in favor of respondent as to relators' entire prohibition petition.
Ford, P.J., O'Neill, J., Rice, J., concur.